## HENRY J. CLARKE *vs.* THOMAS B. COWAN.

Worcester.     May 15, 1910. — June 24, 1910.

Present: KNOWLTON, C. J., MORTON, SHELDON, & RUGG, JJ.

*Mortgage*, Of real estate, Partial release, Redemption.     *Contract*, Construction.

An agreement of a mortgagee inserted after the description of the real estate and before the habendum clause in a mortgage deed of a tract of real estate subdivided into a large number of lots was in the following language: " The grantee hereby agrees to release and quitclaim any lot upon the payment of $150 per lot of 7,000 sq. ft." *Held*, that the agreement must be regarded as a personal agreement for the benefit of the mortgagor only and not for the benefit of those claiming through or under him, and conferred upon the mortgagor personally a privilege to be exercised before the mortgage became due.

The fact, that a second mortgage upon certain among a large number of lots in a tract of land is recorded in the registry of deeds of the district in which the land comprising all the lots is situated, is not constructive notice of its existence to the holder of a first mortgage upon all of the lots in the tract, and, in the absence of actual notice, does not entitle the purchaser at a sale in foreclosure of the second mortgage, in redeeming from the first mortgage, to a deduction because of lots released by the first mortgagee from that mortgage after the date of the recording of the second mortgage.

The owner of a tract of land which was subdivided into one hundred and forty lots mortgaged it to secure the payment of a loan of $10,500. Under a personal agreement with the mortgagor, the mortgagee had released one hundred of the lots from the mortgage when the mortgagor without the knowledge of the first mortgagee gave a second mortgage on six of the lots. The second mortgagee

assigned his mortgage to one who gave notice thereof to the first mortgagee. At the time of such notice $5,480 still was due on the first mortgage. The value of the forty lots which still were subject to the first mortgage was $7,250. Thereafter the first mortgagee released from his mortgage twenty-eight more of the lots of a total value of $5,019, and received in part payment of his mortgage $1,800. One, who at a sale in foreclosure of the second mortgage had purchased the six lots covered thereby, brought a suit in equity to redeem from the first mortgage, in which a decree was made that he would be entitled to an assignment of the first mortgage upon payment to the first mortgagee of an amount ascertained by deducting from what was due on that mortgage when the mortgagee first received notice of the second mortgage, $5,480, such proportion thereof as the value of the twenty-eight lots released by the mortgagee after he received notice of the second mortgage, $5,019, bore to the value of the forty lots then remaining subject to the mortgage, $7,250. The plaintiff appealed. *Held,* that the plaintiff was entitled to redeem only upon payment of such amount as remained due upon the first mortgage after some abatement on account of the lots that the holder of that mortgage had released after receiving notice of the second mortgage; and *also* that under the decree appealed from the plaintiff had received all the abatement he was entitled to.

MORTON, J.   The defendant is the holder and owner of what was originally a mortgage on one hundred and forty lots of land in Worcester, given to secure the payment of $10,500, on demand, after five years from the date of the mortgage. The mortgage is dated October 15, 1897, and contains a provision that the grantee therein will "release and quitclaim any lot upon the payment of $150 per lot of 7,000 sq. ft." The plaintiff took an assignment of a second mortgage on six of the lots. This mortgage was dated December 2, 1902, and was given to secure the payment of $500 on demand after date. It was assigned to the plaintiff March 7, 1903, and the master found that the defendant had no actual notice of this mortgage until March 14, 1903. The plaintiff subsequently, on June 20, 1905, foreclosed this second mortgage and became the purchaser of the lots at the foreclosure sale. This is a bill by him to redeem these lots from the defendant's mortgage, which was overdue when the plaintiff took his assignment. The case was sent to a master,* who found that the plaintiff was entitled to redeem or to have the defendant's mortgage assigned to him upon paying to the defendant $1,686.18, with interest at the rate of five and one half per cent per annum from March 14, 1903, less $30.99, interest, which the master found that the defendant had received. Both

---

* William J. Taft, Esquire.

parties filed exceptions to the report. The exceptions were overruled* and a decree was entered that upon payment or tender of $1,686.18, with interest at the rate of five and one half per cent per annum from March 14, 1903, less $30.99, the plaintiff was entitled to have the defendant's mortgage assigned to him. From this decree the plaintiff appealed.

It appeared from the master's report that, of the one hundred and forty lots which were originally subject to the defendant's mortgage, one hundred had been released by the defendant before the defendant received from the plaintiff notice of the assignment of the mortgage on the six lots in question. It further appeared that of the forty lots remaining the defendant had released twenty-eight since receiving from the plaintiff notice of the assignment, leaving only twelve lots, including the six belonging to the plaintiff, subject to the mortgage.

The plaintiff contends that he is entitled to redeem upon payment of $150 for each lot of seven thousand square feet, according to the terms of the mortgage deed held by the defendant. If that is not so, then he contends that he is entitled to an assignment of the mortgage, either upon paying to the defendant what shall remain after deducting from the balance due thereon such proportion thereof as the total value at the date of the mortgage of the lots which have been released bears to the total value as of the same date of all the lots covered by the mortgage, or upon paying to the defendant what shall remain after deducting from the balance due on the mortgage the value of the lots that have been released since the defendant had actual notice of the assignment of the mortgage on the six lots to the plaintiff. The master did not adopt either one of these methods for ascertaining the amount to be paid by the plaintiff. He determined the amount by deducting from the balance due on the mortgage such proportion thereof as the value of the twenty-eight lots released by the defendant after he had actual notice of the assignment to the plaintiff bore to the value of the forty lots which then remained subject to the mortgage.

We think that the rulings of the master which were confirmed by the court were right. The covenant or agreement on the

---

* By *Aiken*, C. J.

part of the mortgagee * in regard to releasing or quitclaiming any lot of seven thousand square feet upon payment of $150, was with the mortgagor, not with him and his assigns, and must be regarded, therefore, as a personal agreement for his benefit and not for the benefit of any one claiming through or under him. *Pierce* v. *Kneeland*, 16 Wis. 672. 1 Jones on Mortgages, (3d ed.) § 79. Moreover it was, we think, a privilege to be exercised before the mortgage debt became due according to the terms of the mortgage. Until that time, except for some such arrangement, the mortgagee would not have been bound to accept any payment which the mortgagor might desire to make, and when the mortgage debt became due there was no longer any necessity for the continuance of the agreement since the mortgagor could pay or tender the entire amount due and the mortgagee would be obliged to accept the same. See *Reed* v. *Jones*, 133 Mass. 116. In *Clark* v. *Fontain*, 135 Mass. 464; *S. C.* 144 Mass. 287, where it was held that the "agreement was for the benefit of the estate of the mortgagors, and the right to enforce it passed to purchasers from them," the agreement was by the mortgagee "for himself, his heirs, executors, administrators and assigns . . . with the grantors [mortgagors] their legal representatives and assigns." No reference was made either in the opinion or by counsel to *Reed* v. *Jones*, *supra*, or to the fact, if material, that the mortgage was overdue. It follows that the master was right in ruling as he did that the plaintiff could redeem only upon paying such amount as remained due upon the mortgage after such deductions as the plaintiff was entitled to have made on account of the lots that had been released by the defendant after he had actual notice of the mortgage held by the plaintiff. *Taylor* v. *Porter*, 7 Mass. 355. *Gibson* v. *Crehore*, 5 Pick. 146, 152. *George* v. *Wood*, 9 Allen, 80. The fact that the plaintiff's mortgage was on record was not constructive notice of it to the defendant. *George* v. *Wood*, *supra*.

---

* The finding of the master with regard to this agreement was as follows: "After the description of the lots covered by said mortgage, and immediately before the habendum clause of said mortgage, were these words: 'The grantee hereby agrees to release and quitclaim any lot upon the payment of $150 per lot of 7,000 sq. ft.'"

The question then is, what amount is the plaintiff entitled to have deducted on account of the lots that were released by the defendant after he had actual notice of the mortgage assigned to the plaintiff. So long as the defendant had no notice of any subsequent conveyance by the mortgagor he was under no obligation to any one in regard to what he should or should not release. The rights of the parties depend, therefore, on what the situation was when the defendant received notice. At that time there were forty lots, including the six of the plaintiff's which were subject to the defendant's mortgage. These were all bound for the payment of the balance due on it.* The plaintiff has however no right to be put in a better position by reason of the releases which the defendant gave after he had notice of the plaintiff's mortgage than he otherwise would have occupied. If, therefore, the balance due on the mortgage is abated in the plaintiff's favor, in the proportion which the value of the lots released by the defendant since he had notice of the plaintiff's mortgage bears to the value of the whole number of lots then subject to the defendant's mortgage, he gets all that he is equitably entitled to. This was the rule adopted by the master, and

---

* The master found in substance that on March 14, 1903, when the defendant first had notice of the plaintiff's mortgage, there was due on the defendant's mortgage $5,480.78 ; that the forty lots then subject to the defendant's mortgage were at all times worth $7,250.27; that the six lots covered by the plaintiff's mortgage and subsequently purchased by him were at all times worth $1,214.96, and that between March 14, 1903, and the date of the filing of the plaintiff's bill, June 30, 1905, the defendant released from his mortgage twenty-eight of the lots, worth $5,019.71, and received to be applied as part payments of his mortgage debt payments aggregating $1,800. His report then proceeds :

"19. Therefore I find that the plaintiff is entitled to an abatement of $\frac{\$5,019.71}{\$7,250.27}$ of $5,480.78, the amount due on said defendant's mortgage on March 14, 1903, to wit, the sum of three thousand seven hundred and ninety-four and 60/100 dollars ($3,794.60).

"20. Therefore I find that the plaintiff is entitled to have assigned to him the defendant's mortgage upon payment or tender to the defendant of the sum of $1,686.18, with interest at the rate of five and one-half per cent. per annum, from said March 14, 1903, to the day of said payment or tender, less $30.99 interest, which I find the defendant has received as interest on those lots now standing in the name of the plaintiff, from said March 14, 1903, to September 1, 1903."

this, as we understand it, is the rule that is stated in *George* v. *Wood, supra,* and in *Parkman* v. *Welch,* 19 Pick. 231, though the manner in which the rule was applied in the latter case was criticised in *George* v. *Wood, supra.* If the plaintiff claimed under a deed which conveyed the six lots for full value and free from incumbrances the case might stand differently. *Clark* v. *Fontain,* 135 Mass. 464. In such a case equity might well require, in accordance with the doctrine laid down in regard to the marshalling of assets, that the property subject to the defendant's mortgage should be so dealt with as, if possible, to relieve the plaintiff from any liability, and that, if the defendant released any of the property primarily liable for the mortgage debt, he should be charged as between himself and the plaintiff with the full value of the property so released. Many of the cases referred to in 2 Jones on Mortgages, § 1631, will be found to be cases of this nature. In the case before us the lots held by the plaintiff were conveyed subject to the defendant's mortgage. The master found that the value of the lots was the same at the time when the defendant received notice of the plaintiff's mortgage that it was at the date of the defendant's mortgage and that it has continued to be the same. There is therefore no occasion to determine the date as of which the value should be taken for the purpose of ascertaining the amount of the abatement to which the plaintiff is entitled, though it would seem as if it should be as of the date when the defendant first received notice of the plaintiff's mortgage. In *Parkman* v. *Welch, supra,* as pointed out in *George* v. *Wood, supra,* no question was raised as to the effect or necessity of notice to the mortgagor and the opinion apparently proceeded on the ground that a notice by the mortgagor whenever and under whatever circumstances given operated *pro tanto* as a payment of the mortgage debt as of the date of the mortgage, which is far, we think, from being universally true.

The bill as originally drawn set out that there was $75 due on each lot, and alleged that the plaintiff had tendered the same with interest which the defendant had refused to accept, and that the plaintiff brought the sum so tendered into court; and prayed that an account might be taken of the amount due the defendant on his mortgage on said lots, and that on payment of

the sum found due the plaintiff might hold said lots discharged from said mortgage. Subsequently the bill was amended so as to allege that after he knew of the assignment to the plaintiff the defendant had given releases of lots covered by his mortgage without any consideration therefor, and the plaintiff claimed that the defendant should account therefor, and offered to pay to the defendant what should be found to be fair and reasonable under all the circumstances. In his brief the plaintiff states that on September 2, 1909, after the master's report had been filed, the defendant received from the clerk the amount of $495, which was the sum that had been paid into court by the plaintiff; and he contends that that amount should be taken into account in determining what is to be paid to the defendant. If the fact is as stated, the amount so received by the defendant could not have been taken into account by the master in fixing upon what was to be paid by the plaintiff, and, as the decree follows the findings of the master, it would seem that it could not have been taken into account by the court in entering the final decree. But the decree was not entered till September 22, and if the plaintiff had notice of the payment of the money to the defendant on September 2, he had ample time to bring the matter to the attention of the court by a motion to recommit the report to the master, or in such other manner as he might be advised. It does not appear when the plaintiff first learned of the payment to the defendant or why the matter was not brought to the attention of the court before the entry of the final decree. As the case stands no question of tender is before us. But if the facts are as stated by the plaintiff and no allowance has been made for the sum paid into court by the plaintiff and received by the defendant, it would be manifestly unjust to affirm the decree as it stands. Ordinarily, in a case of tender, judgment will be rendered only for the amount, if any, which the plaintiff recovers over and above the amount tendered. *Boyden* v. *Moore*, 5 Mass. 365. *Williams* v. *Ingersoll*, 12 Pick. 345. But as already pointed out, that does not seem to have been the case here, and the attention of the court does not appear to have been called to the matter in any way. Although the amount tendered was at the rate of $75 per lot and interest, for which the plaintiff claimed to be entitled to redeem, the bill as origi-

nally drawn and as amended contained an offer to pay what was found to be due and must be regarded, we think, as a bill to redeem generally. The receipt of the money tendered did not therefore prevent the defendant from contending that more was due him.

If the parties can agree within ten days on the sum to be deducted from the amount named in the decree, or if the defendant consents to the deduction of the amount tendered and interest from the time when the money was received by the defendant, the decree may be modified accordingly, and, as modified, affirmed. Otherwise the plaintiff's exceptions to the master's report will be overruled, the decree set aside and the case stand for hearing as to what amount if any shall be deducted by reason of the alleged receipt by the defendant of the money tendered by the plaintiff, and the entry of such decree as the facts found in relation thereto will warrant.

*So ordered.*

The case was submitted on briefs.

*B. W. Potter & P. Potter*, for the plaintiff.

*H. L. Parker, Jr.*, for the defendant.