WILLIAM W. RUGG *vs.* CHARLES A. RECORD & others.

Middlesex. November 16, 26, 1925. — March 13, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Mortgage,* Of real estate: redemption, partial release. *Deed,* Covenant. *Contract,* Construction, Covenant in deed. *Equity Jurisdiction,* Exoneration from mortgage.

A mortgage of a number of lots of land on a recorded plan included the following provision: "It is agreed that the holder of this mortgage shall release from the operation of this mortgage the lots of land fronting upon . . . [a certain street] upon the payment of twelve cents per square foot to the holder hereof, and the remaining lots upon the payment of ten cents per square foot to the holder hereof." *Held,* that such provision was a personal agreement for the benefit of the mortgagor and not for the benefit of any one claiming through or under him, and did not run with the lots in favor of or against the successors of the parties to the mortgage.

The mortgagor of the lots, in the mortgage above described, conveyed them to various persons. A purchaser of a group of the lots took conveyance in the name of a nominee, purchased the mortgage while the note was not due, taking an assignment in his own name, discharged the mortgage as to his own lots, made a credit on the note of a sum which would leave still due the amount necessary, by the agreement above described, to release the lots not owned by him, which credit was less than the amount which would have been necessary to release his lots under the agreement in writing, and sold and assigned the mortgage to a third person who knew of the foregoing facts and who threatened to foreclose the mortgage when the note became due. An owner of some of the other lots by a suit in equity sought the enforcement of an alleged right to redeem from the mortgage upon the payment of a sum less than that required by the holder. A master who heard the suit found no facts as to the dates of conveyance by the original mortgagor or as to the character or contents of deeds given by him, but found the values of the lots undischarged from the mortgage as of the date of the transactions above described. A decree was entered allowing the plaintiff to redeem upon payment of a ratable proportion of the amount due upon the mortgage at the time it was sold by the original mortgagee, based on the ratio between the then value of his

land to the value of all lots then subject to the mortgage.    On appeal it was *held*, that

(1) There being nothing to warrant a contention that all the lots in question were sold to the various grantors under concurrent conveyances, an application of the rule of *Clarke* v. *Cowan*, 206 Mass. 252, was not proper;

(2) In the absence of facts showing the dates and character of conveyances by the original mortgagor to the various parties in interest, the decree was not warranted and must be reversed; and the suit was remanded for further findings.

BILL IN EQUITY, filed in the Superior Court on September 12, 1924, against Charles A. Record; William J. Hall and A. Ingham Bicknell, as trustees of Commonwealth Securities Trust; and Massachusetts Universalist Convention, to enjoin foreclosure by the defendant Record of a mortgage upon land owned by the plaintiff, for an abatement of a part of the amount claimed by the defendant Record as the amount necessary to pay for redemption of the mortgage, for an ascertainment of the amount that should be paid for redemption, and for an enforcement of the plaintiff's right to redeem.

The suit was referred to a master.    Among other findings by the master were the following: Before the bringing of the suit and after February 5, 1924, the plaintiff had paid to release a lot from the mortgage, $660.80.    On February 5, 1924, lots then owned by the plaintiff were worth $3,944.50; a lot owned by Mrs. Cooch, described in the opinion, plaintiff in a companion suit, was worth $1,606.25; lots owned by the defendants Hall and Bicknell standing in the name of Chase were worth $15,087; the total value of such lots then subject to the mortgage was $20,637.75.    If the rule of *Clarke* v. *Cowan*, 206 Mass. 252, were applied, the master found, the plaintiff was entitled to a reduction from the amount claimed by the defendants as necessary for redemption of 15,087 / 20,637.75 of that amount, $7,129.84, or $5,212.19; making that deduction and the further deduction of $660.80 above described, left, as the amount necessary for redemption by the plaintiff, $1,256.85.

Other material findings by the master are described in the opinion.    The suit was heard upon the master's report by

*Weed,* J., by whose order there were entered an interlocutory decree overruling exceptions by the defendant and confirming the report and a final decree permitting redemption by the plaintiff on payment of $1,256.85, interest and costs. Both the plaintiff and the defendants appealed.

*G. S. Ryan,* for the defendants.

*A. S. Allen & L. W. Cooch,* for the plaintiff, submitted a brief.

PIERCE, J. This is a suit in equity to restrain the foreclosure of a mortgage of real estate, to have the amount due on the mortgage ascertained, and to redeem the mortgage on payment of the sum so found to the holder of the mortgage.

From the master's report it appears that on June 24, 1921, the International Service Company, Inc. owned and mortgaged to the executors of the will of one Catherine A. Russell a tract of land in Watertown, to secure the payment of a note of $43,500, due in three years, at six per cent per annum. The land covered by the mortgage was a tract containing five hundred and twelve thousand, five hundred and twenty-two square feet; and it was contemplated that the said land should be subdivided into houselots with the necessary streets. The mortgage contained the following agreement: "It is agreed that the holder of this mortgage shall release from the operation of this mortgage the lots of land fronting upon said Common Street, as shown on plan C. H. Gannett, Surveyor, dated June 1921, to be recorded, upon the payment of twelve cents per square foot to the holder hereof, and the remaining lots upon the payment of ten cents per square foot to the holder hereof. The cost of the preparation of said releases to be paid for by the grantor."

After the execution and delivery of said mortgage, and before its maturity, the International Service Company, Inc. conveyed to various parties its equity of redemption in all the lots shown on said plan. The dates of the several conveyances are not shown in the record. The plaintiff by mesne conveyances and the defendants Hall and Bicknell by direct conveyances acquired the equity of redemption of several of the lots. The record title to the lots acquired by

the defendants Hall and Bicknell was taken in the name of Leon G. Chase, who held under an agreement with Hall and Bicknell to convey the said lots, or any of them, at any time to said Hall and Bicknell or to their nominees as they should request. Subsequently, and prior to the filing of this bill, Chase, at the request of Hall and Bicknell, by his several deeds conveyed all of the said lots to various nominees designated by Hall and Bicknell; and, as a result, no title to any of the lots remained in Chase at the time of the bringing of this bill.

From time to time the mortgagee released from the operation of the mortgage various lots, received the amount specified in the mortgage for said releases, and applied the amounts so received upon the mortgage debt. On February 5, 1924, all the lots had been released with the exception of those in which the plaintiff and defendants were interested. The amount then remaining due on the mortgage was $7,129.84.

On February 5, 1924, occurred the transactions which are the basis of this suit. The defendants Hall and Bicknell paid the mortgagee the full amount due on the mortgage note, and obtained an assignment of the mortgage. Simultaneously with the assignment of the mortgage, and before the maturity of the mortgage note, Hall and Bicknell, without the knowledge or consent of the plaintiff, released from the operation of the mortgage all the lots owned by them, the title to which was in the name of Chase, and indorsed upon the mortgage note a credit of $3,695.84, which was $3,431.12 less than was called for in the mortgage for a release of said lots. Had the amount called for in the agreement been applied, the amount due on said mortgage would be $2.88.

Simultaneously with the release, Hall and Bicknell assigned the mortgage to the defendant Massachusetts Universalist Convention, which took with notice of the ownership of the equity of redemption of the lots held by the plaintiff and also had full knowledge of all the foregoing facts set forth in the bill, especially in connection with the assignment of the said mortgage to Hall and Bicknell, the release of Hall and Bicknell, the amount credited on said mortgage note on account of said release by Hall and Bicknell, and the value

of the various lots. After the maturity of the mortgage note, on August 18, 1924, the defendant Massachusetts Universalist Convention assigned said mortgage to the defendant Record, who began proceedings to foreclose on the plaintiff's land under a power of sale contained therein, when the plaintiff refused to pay the release prices, and the sale was set for September 17, 1924. A computation from the location and areas of the lots of the plaintiff and of Mrs. Cooch (who was the plaintiff in a similar suit against the same defendants, which was before the master with this suit,) discloses that the amount left unpaid on the mortgage note after the indorsement was the amount necessary to be paid to secure releases of those lots at the rates stated in the mortgage.

The form of the deeds of the several lots, warranty or however described, is not shown in the record; nor is it disclosed therein whether or not such deeds were made subject to the mortgage or subject to so much of that mortgage as is measured by the sum to be paid for the release of any lot as the case might be. Neither discussion nor decision of this case regards the equitable title of the mortgagee in the lots which were taken in the name of Leon G. Chase. The covenant or agreement in the deed poll above quoted is as effectual to determine the rights of the parties thereto as if a formal indenture had been signed. *Newell* v. *Hill*, 2 Met. 180. *Fleming* v. *Cohen*, 186 Mass. 323, 326. It was a personal agreement for the benefit of the mortgagor, and not for the benefit of any one claiming through or under him, *Clarke* v. *Cowan*, 206 Mass. 252, and did not run with the lots in favor of and against the successors of both parties to the mortgage. See *Reed* v. *Jones*, 133 Mass. 116. *Clark* v. *Fontain*, 135 Mass. 464. The record does not show upon what dates the plaintiff Cooch, and the mortgagee in the name of Chase, acquired their several titles to the equity of redemption in the several lots held by them on February 5, 1924. There is nothing in the record by which it can be ascertained whether the lots held by Chase on that date were conveyed by the mortgagor to Chase before he con-

veyed to the predecessors in title of the plaintiff and Mrs. Cooch the lots which they severally held.

Nor does anything therein warrant the contention of the plaintiff that all the lots owned by Rugg, Cooch and Chase were sold under concurrent conveyances. If such be the fact, all the equities were equal and each should contribute ratably to the discharge of the common burden. This is the rule of *Clarke* v. *Cowan, supra,* applied to such a situation.

If the lots standing in the name of Chase were conveyed to him before the mortgagor conveyed the lots to the predecessors in title of Rugg and Cooch, Chase in equity would not have the right to have his lots exonerated from the burden by the application of the value of the land held by Rugg and Cooch. *George* v. *Wood,* 9 Allen, 80, 82. *Converse* v. *Ware Savings Bank,* 152 Mass. 407, 408. *Bradley* v. *George,* 2 Allen, 392. *Brown* v. *Simons,* 44 N. H. 475. *Wikoff* v. *Davis,* 3 Green's Ch. 224. *Burger* v. *Greif,* 55 Md. 518. If the lots held by the plaintiff and Cooch were conveyed to their predecessors in title before the deeds of the mortgagor to Chase, the plaintiff and Cooch are entitled to a decree that the property so conveyed is liable for the mortgage and they are entitled to redeem on that footing.

The decree confirming the master's report and the final decree must be reversed and the case recommitted to the Superior Court for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*