WILLIAM W. RUGG *vs.* CHARLES A. RECORD & others.

Middlesex.  January 17, 1927.— April 21, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Mortgage,* Of real estate: exoneration from mortgage, redemption, partial release.  *Equity Jurisdiction,* Exoneration from mortgage.

While a conveyance by a mortgagor, whether by a warranty deed or by a statutory quitclaim deed, of a part of the mortgaged land imposes a primary liability upon the land retained by the grantor which a court of equity will enforce in foreclosure proceedings so far as may be so long as the title thereto is retained in the mortgagor or is held by a grantee of the mortgagor with actual or constructive notice of the encumbrance, if such a conveyance of a part of the mortgaged premises is by a deed made subject to the mortgage, the part granted is liable in proportion to its comparative value to relieve the land retained by the mortgagor, whether the same be held by him or by his grantees.

BILL IN EQUITY, filed in the Superior Court on September 12, 1924, against Charles A. Record; William J. Hall and A. Ingham Bicknell, as trustees of Commonwealth Securities Trust; and Massachusetts Universalist Convention, to enjoin foreclosure by the defendant Record of a mortgage upon land owned by the plaintiff, for an abatement of a part of the amount claimed by the defendant Record as the amount necessary to pay for redemption of the mortgage, for an ascertainment of the amount that should be paid for redemption, and for an enforcement of the plaintiff's right to redeem.

The suit previously was before this court, when, in a decision reported in 255 Mass. 247, on appeals by both the plaintiff and the defendants, a rescript issued in the circumstances described in the opinion below.

The suit was further heard by *Morton*, J. He found the facts stated in the opinion, and ruled as follows:

"The decision of the Supreme Judicial Court held, following *Clark* v. *Cohen*, 206 Mass. 252, that the agreements to release were not for the benefit of the defendants and could not be availed of by them. Their attempt, therefore, to release their lots was void. The learned justice at the end of his opinion stated that the property conveyed to Chase is liable for the mortgage. In view, however, of the statements in the opinion as to the necessity of knowledge as to the form and contents of the deeds, I have assumed that the statement that the defendants' lots were liable for the mortgage is in effect a decision that said lots were so liable in spite of the attempted releases, but that the decision did not attempt to determine the extent of such liability or to make them alone liable.

"If I am right in my conclusions, all parties under their deeds held their lots subject to the unpaid balance due on the mortgage, to wit, $7,129.84. Applying the rule adopted in *Clark* v. *Cohen*, and adopting the figures contained in the master's report, the plaintiffs would be entitled to redeem upon the payment of $1,256.85, with interest at the rate of six per cent from December 24, 1923, to the date of payment."

Interlocutory and final decrees were entered accordingly and both parties appealed.

*L. W. Cooch,* for the plaintiff.

*G. S. Ryan,* for the defendants.

PIERCE, J. This is a suit in equity to restrain the foreclosure of a mortgage, held by the defendant Record as a successor in title to the other defendants, on real estate owned by the plaintiff; to have the amount due thereon established; and to redeem from the mortgage upon the payment to the holder of the amount so ascertained.

The facts, save such as are hereinafter stated, appear in the opinion of *Rugg* v. *Record,* 255 Mass. 247, and need not be restated. When that case was before this court, the record did not show the form of the deeds of the several lots, warranty or otherwise; whether or not the deeds or any of them were subject to the mortgage of the grantor or subject to so much of the mortgage debt as is measured by the sum to be paid for the release of any lot or lots, as the case might be; upon what dates the plaintiff and the mortgagee in the name of Chase acquired their several titles to the equity of redemption in the several lots held by them; nor whether the lots held by Chase on February 5, 1924, were conveyed by the mortgagor to him before the lots were conveyed to the predecessors in title of the plaintiff and of Mrs. Cooch.

Because of the omission in the record, as above stated, the decrees of the Superior Court were reversed and the case recommitted to it for further proceedings not inconsistent with the opinion. The Superior Court, upon rehearing, found that "the lots held by the plaintiff and Cooch were conveyed to their predecessors in title before the deeds of the mortgagor to Chase"; "that the deeds to the predecessors of Cooch were in the statutory form of quitclaim deeds"; that "These deeds provided that the lots sold were 'subject to a mortgage given by the grantor to W. G. Brackett et al., executors, recorded with said deeds Book 4444, Page 193, from the operation of which lots 50 and 51 may be released upon the payment of twelve cents per square foot'"; that "The deeds to the predecessors in title of Rugg are also statutory quitclaim deeds. They contain the provision that the lots

conveyed were subject to 'the encumbrances of the record affecting the same so far as they or any of them are now in force and applicable.'" The Superior Court makes no finding as to the form of the deeds from the mortgagor to Chase, but we assume from the statement of the defendants in their contention numbered (3) that the deeds of the lots to Chase were statutory "quitclaim deeds, subject to the mortgage."

It is settled law that a conveyance, by warranty deed, by a mortgagor, of a part of the mortgaged land imposes a primary liability upon the land retained by the grantor which a court of equity will enforce so far as may be in foreclosure proceedings. *Chase* v. *Woodbury*, 6 Cush. 143. *Bradley* v. *George*, 2 Allen, 392. The same rule should govern when a mortgagor makes a conveyance by a statutory quitclaim deed of a part of mortgaged land, because the covenants for title are inconsistent with an intention of the parties to the deed that the part conveyed should be subject to a primary liability for a proportional part of the mortgage debt. G. L. c. 183, § 11. *Rugg* v. *Record, supra.* Under such a form of conveyance the part retained is primarily liable for the satisfaction of the mortgage debt, so long as the title thereto is retained in the mortgagor or is held by a grantee of the mortgagor with actual or constructive notice of the encumbrance. *Chase* v. *Woodbury, supra,* pages 146, 147.

The rule that puts a primary liability upon the part retained by the mortgagor ceases when the part transferred is made subject to the mortgage. *Brown* v. *South Boston Savings Bank,* 148 Mass. 300. And the part granted is liable proportionally to relieve the land retained by the mortgagor, whether the same be held by him or by his grantees. This last named rule does not apply if the land retained is conveyed subject to the mortgage. In such case the land first granted and the retained land subsequently granted are held to bear the burden of the mortgage in proportion to their respective values. *Pearson* v. *Bailey,* 177 Mass. 318. *Burger* v. *Greif,* 55 Md. 518, 529.

Upon the facts found in *Rugg* v. *Record, supra,* the additional facts found by the judge of the Superior Court, and upon the assumption that the Chase land was conveyed by a

statutory quitclaim deed subject to the mortgage, the parts of the mortgaged land held by the plaintiff and Chase were obligated to contribute the one to the other, in proportion to their values, a sum equal to the mortgage debt.

*Decree affirmed.*