PAUL C. ANNIS *vs.* FRANK A. CONNORS.

SAME *vs.* SAME.

Middlesex.    March 6, 1928.— May 24, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Deed*, Construction.  *Mortgage*, Of real estate: assignment.  *Bills and Notes*, Indorser.  *Practice, Civil*, Ordering verdict.  *Words*, "Without recourse."

Upon the record of actions of contract to enforce liability as indorser of the payee of a promissory note secured by a mortgage, reported to this court by a judge of the Superior Court, the following facts appeared: the plaintiff stood in the place of and was subject to all defences effectual against a trust company to which, before the note became due, the defendant for a valuable consideration had assigned the mortgage, the note and the claim secured thereby, indorsing the note, "Waiving demand and notice" and delivering it to the trust company.  That assignment was recorded the next day.  Previous to such recording, the defendant had assigned the mortgage as "collateral security" to a third person.  The record did not disclose whether such assignment was recorded before the recording of the assignment to the trust company, nor did it appear that there was ever an assignment to such third person of the note or claim which the mortgage was given to secure. At the request of counsel for the trust company, who had learned of the assignment to the third person, the defendant signed a new assignment to the trust company, prepared by its counsel, of the "mortgage and the note and claim secured thereby . . . without recourse to me in any event. This assignment is given for the purpose of vesting in said assignee any interest of record which I may have by virtue of an assignment to me from" the third person "to whom I had assigned said mortgage as collateral security, and to confirm previous assignment from me to said assignee," the trust company.  It was assumed by the court that, previous to the delivery of the last described instrument, the third person had reassigned the mortgage to the defendant.  *Held*, that

(1) The assignment by the defendant of the mortgage as "collateral security" to the third person without delivery of the note did not make the note void in the hands of the defendant;

(2) The liability of the defendant to the trust company upon the note was unaffected by the assignment of the mortgage to the third person, whether that assignment was or was not recorded before the assignment to the trust company;

(3) In the circumstances, the words "without recourse to me in any event" in the second assignment to the trust company were not intended to operate as an agreement between the parties that the trust company should release its right in the note as the consideration for the assignment of such interest as the defendant had in the assignment from the third person to him;

(4) A verdict should have been ordered for the plaintiff.

Two ACTIONS OF CONTRACT, respectively, to recover interest and an unpaid balance of $5,000 due on a note for $15,000 made by Elizabeth A. Brady dated September 22, 1922, payable to the defendant in two years from its date and indorsed by him. Writs dated, respectively, January 15, 1924, and January 29, 1925.

In the Superior Court, the actions were tried together before *McLaughlin,* J. Material evidence is stated in the opinion. At the close of the evidence, the judge ordered verdicts for the defendant and reported the actions to this court upon the terms stated in the opinion.

The cases were submitted on briefs.

*A. J. Daly,* for the plaintiff.

*J. B. O'Brien,* for the defendant.

PIERCE, J. These are two actions of contract, tried together to jury in the Superior Court: one to recover interest accrued on a note dated September 22, 1922; the other, to recover a balance of principal and interest on the same note. At the close of the evidence the trial judge ordered the jury to return a verdict for the defendant in each case; and he reported the cases to this court upon the following terms: "If the plaintiff was entitled as a matter of law to have a verdict directed for the plaintiff then judgment is to be entered on the declaration for the plaintiff in each case; if upon all the evidence the court was right in directing a verdict for the defendant, then judgment to be entered for the defendant; but if upon all the evidence a verdict should not have been directed for either plaintiff or defendant but the case should have been submitted to the jury, then a new trial to be granted."

In substance the facts disclosed in the report are as follows: On September 22, 1922, one Elizabeth A. Brady executed and delivered to the defendant, Frank A. Connors, her

negotiable promissory note, secured by a mortgage of real estate in Newton, Massachusetts. This mortgage was duly recorded in Middlesex South District registry of deeds, book 4553, page 194. On March 12, 1923, Connors, the payee of the said note, for a valuable consideration assigned the mortgage, the note, and the claim secured thereby to the Guaranty Trust Company, indorsing the note: "Waiving demand and notice Frank A. Connors." The sealed instrument of assignment dated March 12, 1923, was "Received and Entered with Middlesex So. Dist. Deeds Book 4595 Page 334" on March 13, 1923.

Sometime before March 13, 1923, Connors, then the payee of the note, had assigned the mortgage as "collateral security" to one Endlar. Other than by inference the report does not show that the assignment to Endlar was recorded before March 13, 1923, nor does it appear therein that there was ever an assignment to Endlar of the note or claim which the mortgage was given to secure. One Daly, counsel for the Guaranty Trust Company, learned of the existence of the assignment of the mortgage to Endlar and that it "was undischarged on the record." Thereupon he talked with the defendant "and asked that said outstanding assignment be taken up and a new one given to his client, the Guaranty Trust Company." The defendant agreed to this. He testified that he insisted it was to be without recourse; Daly testified that nothing was said regarding any change in Connors' original liability.

Daly thereupon prepared a form of assignment to be executed by Connors, and forwarded it to him with a letter which reads: "Enclosed please find confirmatory assignment of the Brady mortgage, 394 Center St., Newton, to Guaranty Trust Co., for the purpose of clearing any record title that might be in you by reason of the reassignment of this mortgage to you by Mr. Endlar subsequent to the assignment of the same by you to the Trust Co. Would you kindly execute and return to us." The form of the assignment sent Connors was as follows: "I, Frank A. Connors, holder of a mortgage from Elizabeth A. Brady to me dated September 22, 1922 recorded with Middlesex South District Deeds

Book 4553 page 194 assign said mortgage and the note and claim secured thereby to Guarantee [*sic*] Trust Company, a Massachusetts corporation of Cambridge, Middlesex County, trustee for Cambridge Realty Company and the trustees of the United Trust, without recourse to me in any event. This assignment is given for the purpose of vesting in said assignee any interest of record which I may have by virtue of an assignment to me from Isaac Endlar, to whom I had assigned said mortgage as collateral security, and to confirm previous assignment from me to said assignee, dated March 12, 1923. Witness my hand and seal this 27th day of April, 1923. (seal)." Although the report does not so state, we assume the defendant procured a reassignment of the mortgage from Endlar. After such reassignment Connors signed, sealed and acknowledged the form of assignment sent him by Daly, and returned it to Daly "who recorded it soon afterwards." The Guaranty Trust Company delivered the note to the plaintiff who took the note "with notice of any defences which defendant might have and stands in the position of the Guarantee [*sic*] Trust Company, trustee." The defendant rests his defence entirely upon that part of his answer which reads as follows: "And further answering the defendant says that for and as consideration for the assignment of the mortgage upon which the plaintiff's claim is based the defendant was released by the plaintiff from any further liability upon the said note, which is the basis of the plaintiff's claim, and that the defendant did for the consideration of the releasing of the defendant, sign, execute and deliver to the plaintiff an assignment of the said mortgage, the said assignment being given by the defendant to the plaintiff for and in consideration of the plaintiff's releasing the defendant from any and all liability upon the said mortgage note as endorser thereof."

The second deed of assignment has no covenant on the part of the Guaranty Trust Company to release Connors from the obligation which he incurred when, as payee, he indorsed the note in action and delivered it to that company. The instrument in effect was a deed poll, and when accepted by the trust company became a valid contract by that com-

pany to do and perform any act which the deed as a condition of its delivery expressly or impliedly stipulated should be done by it. *Goodwin* v. *Gilbert*, 9 Mass. 510. *Nugent* v. *Riley*, 1 Met. 117. *Newell* v. *Hill*, 2 Met. 180. *Rugg* v. *Record*, 255 Mass. 247, 251. The agreement of the Guaranty Trust Company implied in the deed poll is as effectual to determine the rights of the parties thereto as if a formal indenture had been signed. The question for decision is: Do the words "without recourse to me in any event," when regard is had to the entire deed of assignment, import an implied agreement on the part of the Guaranty Trust Company to hold Connors harmless from any claim which it had or might have against him by reason of the execution of the second assignment to it, and also an implied agreement to release and discharge Connors from his obligation as an indorser of the Brady note then held by the Guaranty Trust Company?

The assignment of the mortgage as "collateral security" to Endlar without the delivery of the Brady note, and, so far as the record discloses, without an assignment of the claim secured by the mortgage, did not make the note void in the hands of Connors or prevent its transfer by indorsement and delivery in due course to the Guaranty Trust Company; nor was the assignment to the Guaranty Trust Company void if it be assumed that the assignment to Endlar was not recorded when the note and mortgage were assigned and delivered to the Guaranty Trust Company. If the assignment to the Guaranty Trust Company was void because of the prior assignment to Endlar, and because of the further fact that that assignment had been duly recorded before the assignment to the Guaranty Trust Company, the Guaranty Trust Company could pursue its remedy at law on the note without resorting to the mortgage. *Burtis* v. *Bradford*, 122 Mass. 129, 131. *Bennett* v. *Sheinwald*, 252 Mass. 23. Without the assignment to Endlar of the debt which the mortgage secured, Connors could pledge the mortgage; *Paika* v. *Perry*, 225 Mass. 563; and the fact that the mortgage was assigned to Endlar as "collateral security" affords a strong inference that such was the case in this transaction.

In view of the facts that the note was a valid outstanding claim against Connors and that the second assignment states that "This assignment is given for the purpose of vesting in said assignee any interest of record which I may have by virtue of an assignment to me from Isaac Endlar, to whom I had assigned said mortgage as collateral security, and to confirm previous assignment from me to said assignee, dated March 12, 1923," we are of opinion the words "without recourse to me in any event" were not intended to operate as an agreement between the parties that the Guaranty Trust Company should release its right in the note as the consideration for the assignment of such interest as Connors had in the assignment from Endlar to him. We are of the further opinion the plaintiff was entitled as matter of law to have a verdict directed in his favor. It follows in accordance with the terms of the report that judgment is to be entered for the plaintiff in each case.

*So ordered.*