Three of the defendants gave a purchase-money mortgage to the complainants for $13,000, payable in three years, on May 27th, 1929, covering a twenty-five acre tract which had been subdivided into building lots. The mortgage contained a covenant as follows:
"On May 27th, 1929, or at any time previous to the date thereof, at the option of the mortgagors, separate releases on any portion of this property may be presented at the office of Gerald A. Caruso, Harrison, New Jersey, or to such other attorney as shall be designated by the mortgagees, and the mortgagees covenant to satisfy by properly executing these releases, such part, parcel, lot or division of land upon the payment by the mortgagors of an amount in equal portion or division of land having equal release value." *Page 299 
The three defendants conveyed the plot to a corporation, formed by them for that purpose, and the company conveyed to the defendant Mansfield, Incorporated. Within the time limited, Mansfield, Incorporated, presented a release to the designated agent for one hundred lots and tendered the required sum. The complainants refused to give the release, and after the mortgage fell due filed this bill to foreclose. Mansfield, Incorporated, counter-claims to compel the execution of the release. The tract was only partly developed when Mansfield, Incorporated, acquired it and the one hundred lots are all that remain in the improved part; the rest is field and swamp land and of comparatively little value, and is insufficient security.
A covenant, unlimited as to persons, to release part mortgaged premises, subdivided into lots for sale in a development enterprise is deemed to be for the benefit of the subdivision and inures to lot owners though the covenant be to the mortgagor and not also to his assigns. Ventnor Investment and Realty Co. v.Record Development Co., 79 N.J. Eq. 103; Vawter v. Crafts,41 Minn. 14.
In the instant case the mortgagees bound themselves to release upon demand of the mortgagors and payment by them of the consideration price. They alone were given the right to exercise the option — so the covenant reads. The language is unmistakable. The covenant is personal to the mortgagors. Squier v. Shepard,38 N.J. Eq. 331; Clarke v. Cowan, 206 Mass. 252; Rugg v.Record, 255 Mass. 247; Pierce v. Kneeland, 16 Wis. 706;Gilman v. Forgione (Me.), 149 Atl. Rep. 620. The covenant is circumscribed and the reason for restricting it to the mortgagors is well illustrated by the present effort of the Mansfield, Incorporated, to withdraw the more valuable of the security, leaving the dregs out of which to make the balance of the purchase money. It emphasizes why the mortgagees chose to deal only with the mortgagors, for they would be stimulated to further improve the land to realize the mortgage money and so discharge themselves of their bond obligation; an urge that would be absent in their assigns. This, plus confidence in their mortgagors' *Page 300 
integrity, it is fair to presume, was part inducement to release to the mortgagors and negatives an intention to deal with the mortgagors' assigns, who, as in this case, would have no responsibility. While the covenant undoubtedly was to benefit the land, that benefit was to be reaped only so long as the mortgagors continued in ownership. The language of the covenant carried its own interpretation. The background supports the interpretation. There is no room for construction.
The mortgagees released six lots to Mansfield, Incorporated, by three separate releases, and it is contended that that manifests their construction of the covenant, that it runs with the land. The releases were executed either at the instance or by the consent of the mortgagors and that neutralizes any supposed recognition of right in the assigns, and dispels any idea of an interpretation of the covenant at variance with its terms. Mansfield, Incorporated, neither changed its position nor was it harmed in consequence of the release and an estoppel cannot be invoked. Hall v. Home Building Co., 37 Atl. Rep. 1019.
The complainants are entitled to a decree. The counterclaim will be dismissed.