ARTHUR A. McRAE & another *vs.* ROBERT D. POPE & another.

Worcester.    April 1, 1942. — May 26, 1942.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Deed*, Consideration. *Mortgage*, Of real estate: conveyance subject to mortgage, exoneration from mortgage, partial release, payment. *Contract*, To pay mortgage. *Evidence*, Extrinsic affecting writings. *Surety*. *Exoneration*. *Volunteer*. *Payment*.

The grantor in a conveyance of a portion of a tract of land was entitled to show that, as a part of the consideration for the conveyance, the grantee assumed and agreed to pay a note secured by a mortgage on the entire tract although the deed did not so state; and such grantor, upon being compelled to pay the mortgage debt, was entitled to recover the amount thereof from the grantee without first having the deed reformed.

An owner of mortgaged real estate who, after dissolution of a temporary restraining order against foreclosure in a suit in equity, had paid the mortgage debt to prevent foreclosure, was not a volunteer as to such payment nor barred on that ground from recovering in equity from the holder of the mortgage so much of such payment as was inequitably exacted.

The holder of a note secured by a mortgage covering land which the mortgagor had conveyed to the holder's son upon his agreement to assume and pay the mortgage debt and also land retained by the mortgagor, after releasing the son's land from the mortgage without consideration and beginning foreclosure proceedings with intent to compel the mortgagor to pay the entire mortgage debt or lose the land still owned by him and thereupon receiving such payment, was required in equity to return to the mortgagor such proportionate part of the amount he had paid as was established by the ratio between the value of the land released to the son and the value of the entire tract, with interest from the date of the payment.

BILL IN EQUITY, filed in the Superior Court on May 9, 1939, and afterwards amended.

The defendants appealed from a final decree entered by order of *Leary*, J. In this court the case was submitted on briefs.

*S. M. Salny*, for the defendants.

*J. A. Harasimowicz*, for the plaintiffs.

Cox, J.   When this bill in equity was filed on May 9, 1939, the plaintiffs, husband and wife, sought reformation of a deed that they had given the defendant Robert D. Pope, hereinafter referred to as Pope, that he be ordered to pay a mortgage that covered the premises described in the deed and other premises owned by the plaintiffs, and that the defendant Mabel D. Pope, the mother of said Pope, hereinafter referred to as Mrs. Pope, be enjoined from foreclosing that mortgage.   The bill alleged that prior to July 17, 1935, the plaintiffs were the owners of certain real estate in this Commonwealth on which they had given a mortgage; that on that date they conveyed a portion of the premises to Pope, who assumed and agreed to pay the unpaid taxes and the amount of said mortgage, with interest, as a part of the consideration for his deed, but that, by error and mistake of the scrivener, the deed did not set out the true agreement, but, on the contrary, contained the provision merely that the premises conveyed were subject to unpaid taxes and the mortgage, with interest.   Further allegations were that Mrs. Pope, on January 7, 1939, received an assignment of the mortgage; that on March 28, 1939, she demanded of the plaintiffs the amount due on the mortgage; that, although the plaintiffs offered to pay the amount, she refused to assign the mortgage to them; that, on April 24, 1939, she gave her son a partial release of the mortgage, without consideration, and on April 28, 1939, commenced foreclosure proceedings.

The copy of the deed that is annexed to the bill, which Pope admits that he received, recites the conveyance "for consideration paid," and that the premises conveyed are subject to the unpaid taxes and also to the mortgage.   The notice of foreclosure proceedings recites that the premises, excepting therefrom so much of them as had been released from the mortgage on April 24, 1939, will be sold on May 29, 1939.   Mrs. Pope admitted in her answer, as did, in effect, her son, that foreclosure proceedings had been commenced by publication in accordance with a copy thereof annexed to the bill.   Mrs. Pope was temporarily restrained from proceeding with the foreclosure, and the suit was referred to a master.

The master found that Pope did agree to assume and pay the mortgage and taxes; that the transaction between the plaintiffs and him was, in fact, an exchange of equities in properties, each of which was encumbered for $3,650; and that Mrs. Pope, as guardian of her son, who was at that time a minor, petitioned the Probate Court for license to sell his real estate which was the subject matter of the exchange. About two years after the exchange, Pope was requested to change the mortgage in question, so that the new mortgage would cover only the premises then owned by him, but he refused to do this. During the entire period from the date of the conveyance to him until January, 1939, he regularly paid the interest and amounts due on principal. In January, 1939, his mother paid the full amount of the mortgage and took an assignment of it, and, in the following April, she gave her son a partial release of the mortgage covering that portion of the premises that had been conveyed to him, as a "part of a plan to foreclose the mortgage, after execution of the partial release and force the plaintiffs to pay the amount due on the mortgage or lose their property through foreclosure." No consideration was paid for this partial release. On March 27, 1939, the mortgage being in default, Mrs. Pope demanded that the plaintiffs pay the amount due. On the question of mistake, the master found that the mistake or error was due to the failure of the plaintiff Arthur A. McRae, or the plaintiffs' agent, to properly inform the attorney who drew the deed of the full details of the transaction. This report was filed on June 30, 1939, and on July 7, 1939, by interlocutory decree, the "temporary injunction" was dissolved.

On July 21, 1939, the plaintiffs moved to amend their bill by striking out the paragraph in which it was alleged that through mistake and error of the scrivener, the deed did not set forth the true agreement of Pope to assume and pay the taxes and mortgage, and by inserting allegations to the effect that the mistake was that of the plaintiff Arthur A. McRae or of the plaintiffs' agent. Further allegations by way of amendment were that the temporary restraining order had been dissolved, that the plaintiffs, in order to

prevent the foreclosure, were compelled to pay Mrs. Pope the sum of $2,988.67 for a discharge of the mortgage, and that, when she gave the partial release, she knew that the mortgage covered not only the property owned by her son, but also that owned by the plaintiffs. Additional prayers were that Mrs. Pope be ordered to repay the plaintiffs the sum they had paid her with interest and costs, and that she account to them for all moneys received under the mortgage. On December 6, 1940, the motion to amend was allowed, and the suit was recommitted to the master to make further findings of fact with reference to the issues raised by the amendment to the bill.

Facts appearing in the master's report after recommittal are that Pope, as a part of the consideration of the deed to him, agreed to assume and pay the outstanding mortgage and unpaid taxes; that the plaintiffs, in order to prevent the foreclosure sale, paid Mrs. Pope the amount alleged for the discharge of the mortgage; that the value of the parcel owned by Pope on the date that he received the partial release was $5,600; that the value of the property not conveyed by the plaintiffs was $1,800; "that the mortgage that the plaintiffs were compelled to pay covered in part the same premises partially released"; and that Mrs. Pope knew, when she executed the partial release to her son, that the mortgage covered not only the property owned by him, but also the property owned by the plaintiffs. Both reports were confirmed by interlocutory decree, and a final decree was entered adjudging that the defendants were jointly and severally indebted to the plaintiffs in the sum that the plaintiffs had paid to prevent the foreclosure of the mortgage, together with interest, which sum and interest the defendants were ordered to pay with costs. The defendants appealed from the order for final decree (see *Carilli v. Hersey*, 303 Mass. 82, 87), and from the final decree.

The final decree does not deal with the question of reformation of the deed. The plaintiffs did not appeal. The defendants do not contend that reformation should have been ordered. In the circumstances, it is unnecessary to consider the question.

We are of opinion that under the allegations of the bill, as amended, the rights of the plaintiffs do not depend upon a reformation of the deed. In effect, it is alleged that Pope agreed to assume and pay the mortgage in question as a part of the consideration for his deed, and that, as a consequence, he should pay it. Further allegations, in effect, are that his mother is also obliged to repay the plaintiffs what they paid her.

The deed appears to be in the statutory form of a warranty deed. (See G. L. [Ter. Ed.] c. 183, §§ 8, 10.) It recites that the conveyance is with "Warranty covenants," and, after a description of the premises conveyed, that the "above premises are conveyed subject to" unpaid taxes and "also subject to" the mortgage in question with interest. A deed in this form has the force and effect of a deed in fee simple with full covenants of warranty (see §§ 10 and 16 of said c. 183), and the question arises whether the provision that the conveyance is subject to the mortgage in question affects these covenants. (See *Estabrook* v. *Smith,* 6 Gray, 572, 577–579; *Linton* v. *Allen,* 154 Mass. 432, 437–438.) We are of opinion that the parties to the deed intended, as expressed in the language used, that the covenant of warranty was to be taken in a limited sense, and that the statement in the deed following the description of the land, that the "above premises are conveyed subject to" the mortgage, qualifies the estate granted, and that it is to that estate, so qualified, that the warranties apply. *Brown* v. *South Boston Savings Bank,* 148 Mass. 300, 303–304. *Everett* v. *Gately,* 183 Mass. 503, 505. *Malden Knitting Mills* v. *United States Rubber Co.* 301 Mass. 229, 234, and cases cited.

It is the general rule that a grantor is not absolutely bound by the consideration or the acknowledgment of its payment expressed in his deed, and that the true consideration may be shown by parol or other evidence. *Paige* v. *Sherman,* 6 Gray, 511, 513, 514, and cases cited. *Cardinal* v. *Hadley,* 158 Mass. 352. *Rhoades* v. *Secunda,* 296 Mass. 1, 3. *Marlborough* v. *Snow,* 301 Mass. 429, 430, 431, and cases cited. Under the exception to the parol evidence rule that admits evidence to show the consideration for a

deed, it has been generally held, in the absence of an assumption clause in the deed or a covenant affecting the result, that parol evidence is admissible, even as between immediate parties to the instrument, to prove an assumption by the grantee of a mortgage debt that is secured by the premises conveyed. *Drury* v. *Tremont Improvement Co.* 13 Allen, 168, 171. Wigmore on Evidence (3d ed.), § 2433. Williston on Contracts (Rev. ed.), § 115A. Am. Law Inst. Restatement: Contracts, §§ 82, 243, 244. The importance of the application of this rule in the case at bar is that in this Commonwealth, where land is conveyed subject to a mortgage, the grantee does not become bound by mere acceptance of the deed to pay the mortgage debt, but if the deed contains a stipulation that the land is subject to a mortgage which the grantee assumes and agrees to pay, a duty is imposed upon him by the acceptance of the deed, and the law implies a promise to perform his undertaking. *Flynn* v. *Kenrick*, 285 Mass. 446, 448, and cases cited. For a collection of cases, see 50 Am. L. R. 1220; 84 Am. L. R. 355.

Upon the record in the case at bar, we are of opinion that the finding of the master that Pope assumed and agreed to pay the mortgage in question must stand. Furthermore, the subsequent conduct of Pope could be found to be consistent with this undertaking. For a period of about three and one half years he regularly paid the interest and amounts due on principal. *Drury* v. *Tremont Improvement Co.* 13 Allen, 168, 172.

The case therefore, in so far as Pope stands, is that he assumed and agreed to pay the mortgage, with the result that, as between him and the plaintiffs, he became the principal debtor, and the plaintiffs became sureties. The plaintiffs were not only entitled to have the land freed from the lien of the mortgage, but they could also enforce Pope's promise to pay the mortgage note and discharge them from any liability upon that indebtedness. *Lynn Five Cents Savings Bank* v. *Portnoy*, 306 Mass. 436, 438, and cases cited. As between Pope and the plaintiffs, the burden of the mortgage was thrown on the parcel conveyed to him

to the exoneration of the land that was retained by the plaintiffs. *Costa* v. *Sardinha*, 265 Mass. 319, 321, and cases cited. The obligation assumed by Pope was to pay the note secured by the mortgage at its maturity. It appears that there was a default, and, accordingly, a cause of action for the amount due thereon immediately accrued to the plaintiffs, although they had not then paid the note or sustained any loss by reason of non-payment. *Nutter* v. *Mroczka*, 303 Mass. 343, 345, 346, and cases cited. In the case at bar, the plaintiffs have already paid the mortgage debt, and here seek to recover the amount so paid. They are entitled to recover. *Lappen* v. *Gill*, 129 Mass. 349, 350. The measure of damages is the amount of the mortgage debt that Pope should have paid. *Furnas* v. *Durgin*, 119 Mass. 500, 506, 507.

No question has been raised that the plaintiffs had an adequate remedy at law. See *Jones* v. *Jones*, 297 Mass. 198, 202. We are of opinion that the plaintiffs are entitled to recover from Pope the full amount of the mortgage debt with interest. *Pike* v. *Brown*, 7 Cush. 133. *Ratner* v. *Hill*, 270 Mass. 249, 253.

As the case stands against Mrs. Pope, she was the assignee of a mortgage that covered not only the land owned by the plaintiffs, but also the parcel that had been conveyed by them to her son, as she well knew. As between the plaintiffs and her, the former were liable to her on the mortgage note, the security of which comprised both parcels of land. The burden of the mortgage rested upon all of the land, and Mrs. Pope attempted, by the partial release to her son, to cast the entire burden upon the plaintiffs, and, by so doing, to deprive them of the benefit of a portion of the security. This she cannot do in disregard of the equities of the case which require that she must abate such proportionate part of the mortgage debt as is necessary to protect the plaintiffs. *George* v. *Wood*, 9 Allen, 80, 82, 83. *Brown* v. *South Boston Savings Bank*, 148 Mass. 300. *Clarke* v. *Cowan*, 206 Mass. 252, 256, 257. *Rugg* v. *Record*, 259 Mass. 315, 318. See *Silverstein* v. *Saster*, 285 Mass. 453, 455–457, and cases cited.

The master found that the value of the parcel owned by
Pope on the date that his mother gave him the partial
release of the mortgage was $5,600. Mrs. Pope received
nothing from her son for this partial release. In the cir-
cumstances, she is equitably chargeable with the proper
contributory share of the debt that she should have received
from him. The plaintiffs paid $2,988.67 for the discharge
of the mortgage that covered land found by the master to
be worth $7,400. Mrs. Pope is equitably chargeable on
account of the partial release to her son with $\frac{5600}{7400}$ of this
amount, together with interest from the date when the
mortgage was paid, *Clarke* v. *Cowan*, 206 Mass. 252, 256,
unless the payment of the mortgage debt was in such cir-
cumstances that the plaintiffs are not entitled to recover
anything from Mrs. Pope, who contends that the payment
was voluntarily made.

We are of opinion that the case at bar does not come
within the established rule of law that money voluntarily
paid under a claim of right, with full knowledge of the facts
on the part of the one making the payment, cannot be
recovered back. See *Carey* v. *Fitzpatrick*, 301 Mass. 525,
527, and cases cited. Mrs. Pope commenced foreclosure
proceedings on April 28, 1939, and the premises were adver-
tised to be sold in pursuance thereof on May 29, 1939. She
was temporarily restrained from proceeding with the fore-
closure, and this restraining order was continued in force
on May 16, 1939. After the master made his first report,
this restraining order was dissolved on July 7, 1939, and
then the plaintiffs, as the master found, were compelled to
pay the mortgage. Mrs. Pope had demanded of the plain-
tiffs the full amount due on the mortgage, and had refused
to give the plaintiffs an assignment of it. She had already
given her son a partial release of the mortgage, and she
must be held to have known that, because of this partial
release, she was not entitled to demand of the plaintiffs the
full amount of the mortgage. The plaintiffs can hardly be
said to have been remiss in their efforts to obtain relief,
and it does not appear that they could have done very
much to prevent the foreclosure after the injunction had

been dissolved that restrained Mrs. Pope from proceeding with the foreclosure. The payment of the mortgage, in the circumstances, cannot be said to have been made voluntarily. *Payson* v. *Lamson,* 134 Mass. 593, and cases cited. The case at bar is distinguishable from *Richardson* v. *Brown,* 260 Mass. 509, and *Carey* v. *Fitzpatrick,* 301 Mass. 525. Moreover, it could have been found that Mrs. Pope was acting in bad faith. She knew that her mortgage covered both parcels of land, and the partial release to her son, without consideration paid, was part of a plan to foreclose the mortgage and to force the plaintiffs to pay the amount due on the mortgage or lose their property through foreclosure. The commencement of foreclosure proceedings was something more than a mere threat. The proceedings were an actuality and designed to deprive the plaintiffs of substantial rights. See *Carey* v. *Fitzpatrick,* 301 Mass. 525, 527–529, and cases cited. General Laws (Ter. Ed.) c. 244, § 36, provides, among other things, that if a mortgagee, or a person claiming or holding under him, receives more than is due on the mortgage, the mortgagor entitled to such excess may recover it in an action of contract. In the case at bar, no question has been raised as to the adequacy of any remedy at law.

The final decree makes no distinction between the amount due from the defendants respectively. It adjudges that they are jointly and severally indebted to the plaintiffs in the full amount of the mortgage, together with interest, and orders them to pay the plaintiffs that amount with costs. The liabilities of the defendants to the plaintiffs depend upon different rules of law. All necessary parties are before the court, and there is no difficulty in determining their respective rights and obligations, and no difficulty in enforcing them. *Killoren* v. *Hernan,* 303 Mass. 93, 99–100, and cases cited.

Both defendants are indebted to and should be ordered to pay the plaintiffs that proportionate part of the mortgage debt represented by the value of so much of the real estate as was released to the son, in accordance with what has already been said. Pope is further indebted to and

should pay the plaintiffs in addition thereto the difference between this sum and the total amount of the mortgage, together with interest. It should be understood that the order requiring both defendants to pay the identical proportion of the mortgage debt does not amount to the imposition of a double liability, inasmuch as a payment by one would discharge the other. *Boyer* v. *Bowles*, 310 Mass. 134, 142.

The decree, as modified in accordance with this opinion, is affirmed with costs.

*Ordered accordingly.*