Banks, J.
This is a matter in contract heard in the Lynn Division of the District Court Depanment.
The origin of the action was the sale in 1973 by the plaintiff-appellant Robert Fox ("Fox”) of two parcels of property, one in Chelsea and another in Revere, to the defendants-appellees Stanley D. Black and Neil D. Kalman. By the terms of that sale, defendants Black and Kalman assumed and agreed to pay two mortgages on the properties held by Brotherhood Credit Union (“Brotherhood”). They did so by replacing the plaintiff as trustee of Atlantic Realty Trust, in which name the plaintiff held the properties, and by assuming the liabilities of that Trust, including the mortgages referred to. Thereafter, the defendants defaulted on the mortgage and, one of the properties having burned, there was left after foreclosure a deficiency in excess of $14,000.00.
The court found that the defendants were unaware that the plaintiff also had with Brotherhood a pre-existing mortgage on his personal residential property which provided, in pertinent part:
It is also agreed that this mortgage is security for the payment of the aforesaid obligation and all other direct and contingent liabilities of the mortgagor hereof to the holder hereafter due or to become due whether now existing or hereafter contracted.
The notes underlying the Chelsea and Revere mortgages obligated plaintiff Fox both as Trustee and as an individual. Accordingly, when the plaintiff attempted *114 to sell his residential property, demand was made upon him for payment of those notes. In order to clear the title of his personal residence, the plaintiff ultimately negotiated a release from Brotherhood for the sum of $6,000.00. This release ran solely to the plaintiff personally, and was effected without the knowledge of the defendants.
In the present action, the plaintiff seeks recovery from the defendants of the $6,000.00. paid by him to Brotherhood on account of the notes for which the Chelsea and Revere mortgages were the collateral. The trial court found facts as indicated above, and entered judgment for the defendants. In so doing, the court specifically found that any money paid to Brotherhood was for the benefit of the plaintiff alone, and that the release by Brotherhood was the release of the plaintiff as an individual.
The plaintiff is before this Division on appeal from the trial court’s finding that the plaintiff “voluntarily” paid the amount in question; and from the denial of three requests for rulings of law; viz:
1. The defendants agreed to assume the two mortgages and notes from the Brotherhood Credit Union obligating them to reimburse the plaintiff for the sums he paid in settlement of said mortgages and notes.
3. The plaintiff was personally obligated to pay off the mortgages.
5. The release running to ‘Robert Fox’ does not preclude recovery.
In its findings of fact and response to requests for rulings of law, the trial court made clear its view of the case that while the plaintiff was obligated to Brotherhood on the notes for which the mortgaged properties were collateral, the negotiation of a private and separate release upon another property not part of the agreement between the parties did not change the liabilities between the parties, since no claim had been brought upon the deficiency which was the direct result of the default.
There was no error.
The plaintiff certainly had a cause of action against the defendants arising out of their failure to assume and pay the mortgages as contracted. Nutter v. Mroczkz, 303 Mass. 343 (1939). Had Brotherhood recovered judgment against the plaintiff in a suit on the notes, or had the plaintiff expended funds in staving-off foreclosure or other loss directly attributable to the mortgaged properties, the plaintiff would be entitled to recovery. McCrae v. Pope, 311 Mass. 500 (1942).
In the instant case, however, the plaintiff did not purport to settle the mortgage deficiency, but procured for himself solely the quieting of title on another piece of property. It was agreed that at no time did Brotherhood proceed against either the plaintiff or the defendants upon the deficiency. It is in those terms that the expression “voluntary” as used by the trial court can best be understood. In a real sense, the plaintiff can be seen to have negotiated his settlement with Brotherhood involuntarily; the coercive force of a cloud on his title may well have been greater than a judgment on the notes in favor of Brotherhood. As between the plaintiff and the defendants, however, the payment when and as it was made had not been contemplated in their agreement. Indeed, by the terms of the agreement the plaintiff had assured the defendants that the mortgages as they applied to the mortgaged properties were their only cause of concern. The negotiated settlement, then, as seen from the defendants’ side was at least at the *115 time neither required nor anticipated. Taken together with the fact that the settlement was without the knowledge and consent of the defendants, the net affect is that the action was one in which the plaintiff may be seen to have pursued his own purposes by his own means and in which he now seeks to charge the defendants retroactively.
There being no error, the report is dismissed.