HARLEY J. GILMAN *vs.* ANTONIO FORGIONE ET AL.

Cumberland.     Opinion April 2, 1930.

*Gerry L. Brooks*, for complainant.
*Israel Bernstein*, for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ.

BARNES, J.    Bill in equity to relieve certain real estate of en-
cumbrance by way of mortgage, by virtue of a clause of partial
release incorporated in the mortgage.

Complainant is a mortgagee of a grantee of the grantor of the
mortgage which contains the clause of partial release.

The real estate is known as Lot 19.

Forgione, one of the respondents, on November 20, 1923, mort-

gaged to the Gorham Savings Bank a large tract of land, divided into lots of which Lot 19 was one, to secure the payment of $11,000.00, payable on demand, in which mortgage was the following provision: "It is hereby made a matter of agreement that the mortgagee, its successors and assigns, will release to the mortgagor, his heirs, executors, administrators or assigns from the operation of this mortgage, such portions of the above described premises as he or they may request, upon the payment by him or them of five cents per square foot of land of the premises so released."

In December following Forgione conveyed the same tract, subject to the Gorham Savings Bank mortgage, to the Cape Elizabeth Land Company together with certain other parcels of land and took from the Land Company a purchase-money mortgage, to secure the payment of $11,141.68, payable in full in two years.

This mortgage was foreclosed, but later cancelled and another, which we call the second mortgage, was given.

In the second mortgage is found this provision, which was also a part of the second mortgage first given: "Provided also that it shall be lawful for the grantor herein (Cape Elizabeth Land Company), to sell any part or parts of said premises from time to time, and this conveyance is especially made on the condition that as and when any part or parts of said premises herein conveyed are so sold and a release is given by the first mortgagee under the terms of said first mortgage, the grantee will furnish a release of said part or parts from this second mortgage."

Later, the land involved in these proceedings was sold by the Land Company to one Foster subject to the above mortgages.

Foster gave back a purchase-money mortgage to the Land Company; and the latter assigned the Foster mortgage to the complainant.

On March 29, 1928, principal and interest of the second mortgage being then long overdue and unpaid, Forgione began foreclosure proceedings, and on March 18, 1929, complainant, to protect his third mortgage on the land here involved, paid to the Savings Bank the amount necessary to release its claim on the land described in the Foster mortgage, and obtained a release from the Bank.

He then demanded a release from Forgione under the provision of the second mortgage above quoted.

Release was refused, and by this bill complainant asks that Forgione and a bank to which the latter had assigned the second mortgage grant him a release therefrom.

Provisions for partial release, similar in general purport to that in the second mortgage, have called for opinions of many courts.

When the provision renders the release demandable by the grantor of the mortgage *or his assigns*, the burden is on the grantee to release, and the benefit runs with the land.

But when covenants that the grantee will release to the grantor, with no mention of his assigns, as is the case here, are construed, courts differ.

Construction of a provision of the latter sort has never been announced by this court.

It should be borne in mind that the provision here construed specifies, "that it shall be lawful for the grantor herein" to dispose of any part of the premises described, and that "as and when" any part is "so sold," and release from the first mortgage is had, "the grantee of the second mortgage will furnish a release etc."

We hold that "even though a covenant is one which touches the land it is a question of intention in each case to be determined on the construction of the particular instrument with due regard to the nature of the covenant and the surrounding circumstances whether its benefit or burden does in fact run with the land at law." 15 C. J., 1241.

Or, as elsewhere stated by the same authority, "the extent of the right to partial release depends upon the construction of the intent of the release clause in each particular case." 41 C. J., 827.

Cases which hold that an agreement between the mortgagee and mortgagor to release certain portions of the mortgaged property upon the payment of certain sums, not professing to run to the mortgagor and assigns, must be regarded as a personal agreement for his benefit, and not for the benefit of anyone claiming through or under him, are, *Clark* v. *Cowan*, 206 Mass., 252; *Rugg* v. *Record*, 255 Mass., 247; *Pierce* v. *Kneeland et al*, 16 Wis., 706; *Squier, Adm'r* v. *Shepard*, 38 N. J. Eq., 331.

Of the other view are Iowa, Mich. and Minn.

We agree with the reasoning of the cases above. As stated in *Pierce* v. *Kneeland et al*, supra, "A person might be very willing to enter into an agreement with his immediate grantee to release a part of the property on being paid a portion of the mortgage debt, without being willing to make a similar stipulation with anyone who might subsequently purchase the property."

Further, in interpreting the provision that grantor may sell a part and that release is to be given on that part, *as and when so sold*, the language may be naturally construed as providing, that when lots are sold *by the mortgagor* release shall be given.

As found by the learned Justice below, "If the parties to this mortgage had intended that this covenant should run with the land and inure to a mortgagor's assigns, it would have been easy to say so; the words 'as and when sold' have little meaning unless intended to impose the condition that the mortgagor only was entitled to have a partial release, and that when it sold and conveyed a lot."

If it be said that this construction imposes a hardship on complainant; the record shows that the mortgage to Forgione was recorded, and purchasers from his mortgagee had constructive notice of the terms of the prior mortgages when they took conveyances.

On the question whether or no release is demandable after default in payment by the mortgagor according to the terms of the notes secured by the mortgage there is also conflict among the states.

That it is not, has been held in, *Reed* v. *Jones*, 133 Mass., 116; *Clarke* v. *Cowan*, supra; *Avon-by-the-Sea Land and Improvement Co.* v. *Finn*, 56 N. J. Eq., 805; *Gillies* v. *Dyer*, 93 N. J. Eq., 348; *Fulton* v. *Jones*, 153 N. Y. Supp., 87.

But, as to whether release is demandable at any time before completion of foreclosure, as in this case, it is not necessary to decide, since we hold the covenant does not run with the land.

*Appeal dismissed.*
*Decree below affirmed.*