COMMONWEALTH *vs.* SAMUEL WHITE & others.

The passenger room of a railroad station, having within it a separate inclosed room, where the books are kept and tickets sold, is not an office, within the Rev. Sts. c. 126.

THE defendants were indicted and tried in the court of common pleas, before *Wells*, C. J., for breaking and entering the office of the Boston and Worcester railroad corporation, to wit, the depot building of said corporation, with intent to commit the crime of larceny therein. The defendants moved to quash the indictment, because it alleged that the office which was broken and entered was a railroad depot, which they contended was not an office.

The presiding judge refused to quash the indictment, but directed the trial to proceed, in order, among other things, to ascertain what the building was, which was alleged to have been broken open and entered.

The depot buildings consist of a passenger building, a freight house, and a wood-house. The passenger building has two rooms, one for males, and the other for females. In the room for males, there is against the wall an inclosure about seven feet square, about seven feet high, and reaching to within about eighteen inches of the top of the room. This inclosure is furnished with a window and a door, which is locked. In this inclosure the books of the company are deposited; and the tickets are there kept, and are usually sold, by a person placed within the inclosure, through an opening in the same. A letter-box is fastened to this inclosure. Tickets are sold by an agent, standing outside of the inclosure. The principal use of the room, distinct from this inclosure, is, to accommodate male passengers, stopping when going to or leaving the railroad at this point. Occasionally, when the freight house is full, some freight is deposited therein. The alleged breaking and entering was into this room, without breaking or entering the inclosure.

The defendants contended, that neither the depot building, nor the male passenger room, was within the meaning of the

statute an "office"; and that if there was any office at this place, it was the small inclosure.

The presiding judge overruled the objection, and instructed the jury, that the male passenger room, having within it this inclosure, and being used for the purposes and in the manner above specified, was, in contemplation of law, an office; and that it was sufficiently described as such in the indictment.

The defendants were convicted, and after conviction, the presiding judge, being of opinion that the foregoing questions were so important and doubtful .as to require the decision of the supreme judicial court, and being thereto requested by the defendants, reported the case for the consideration of this court, as provided in the Rev. Sts. *c.* 138, § 12.

*P. S. Wheelock*, for the defendants.

*Clifford*, attorney-general, for the commonwealth.

FLETCHER, J. This indictment is founded on the one hundred and twenty-sixth chapter of the revised statutes, which provides, among other things, for the punishment of any person who shall break and enter any office, shop, or warehouse with intent to commit the crime of larceny therein. The defendants are charged in this indictment with breaking and entering the office of the Boston and Worcester railroad corporation, to wit, the depot building of said corporation, with intent' to commit the crime of larceny therein; and the precise question presented is, whether the depot building is an office within the meaning of the statute.

The alleged breaking and entering was into the room appropriated to male passengers, and the presiding judge ruled, at the trial, that this room was in contemplation of law an office; but with so much doubt and hesitation, that he thought proper to report the case for the consideration of this court. The learned judge seems to have come to this conclusion from a consideration of the facts, that the inclosure above described was against the wall of this room; that there was an opening into the room from the inclosure, through which tickets were sold by a person within the inclosure; and that tickets were sold by an agent standing outside the inclosure.

These considerations certainly have weight in favor of the

conclusion to which the learned judge at the trial arrived. But there are others which lead to a different conclusion; and there is really much difficulty, in making a practical application of the term office as used in the statute.

The definition of the term office, given by lexicographers, as a place or apartment for the transaction of business, is so very general as to afford little or no aid. The word is used in the statute as distinct and different from shop, warehouse, dwelling-house, outhouses, and other buildings, particularly mentioned in the statute.

The meaning of the term can be better explained by reference to its general and popular use and application, than by any formal definition. Thus we say the clerk's office, register's office, attorney's office, broker's office, and railroad corporations frequently have a place or room denominated the ticket office; all as places of business essentially different from a passenger room or a railroad depot. The inclosure before described in this case, where the books of the railroad corporation were kept, and where the tickets were kept and sold, and where the business of the corporation was thus transacted, might perhaps with propriety be called an office. But into this inclosure the defendants in this case did not break or enter.

But the room into which they did break and enter was distinct and separate from the inclosure, designed to be distinct and separate, and used for a wholly different purpose. It was a part of the depot building, and embraced in the general allegation in the indictment as the depot building of the railroad. It was the male passenger room, not intended for the transaction of business by the corporation, but intended to be used by the passengers when stationary, just as the cars are used by them when moving. The passenger room was the place where the passengers stopped, and the cars the place where they moved, and the one might perhaps be called the office of the corporation as well as the other. The statute, on which the indictment is founded, provides for punishing a person who shall steal in any office; if a person should steal from a passenger when in the passenger room, it would seem difficult to consider this as strictly in an office, any more than

if the person stole from a passenger when in a car. The passenger rooms and cars are expressly for the use and occupation of passengers, and are not places of business or offices of the railroad corporation, in the ordinary and proper use and import of those terms.

The relation of the passenger room to the inclosure, in which the books of the corporation were kept and the tickets kept and sold, may be illustrated by a reference to the post-office in Boston. That post-office is kept in an apartment in the Exchange building, and within that apartment the business of the office is transacted. There are openings in this apartment, through which letters are received from and delivered to persons standing in a large passage or area outside the post-office apartment. This large passage or area is open and accessible to all persons, whether they do or do not wish to communicate with the post-office. If a person should break and enter this passage or area, he would not be chargeable with breaking and entering the post-office, because persons in the office delivered letters to and received them from persons in this passage or area. The male passenger room in the depot building bears the same relation to the small inclosure, where the books of the corporation are kept, and where the tickets are kept and sold, that the passage or area does to the post-office. There might be several offices, express offices and others, on the sides of the passenger room, all of which might have communicated with the public room, though the room itself could not be considered as an office, or as belonging to any of the offices.

Though there is no doubt a difficulty in the practical application of the term office, and especially in its application to railroad buildings which are structures of recent origin, and of a new and peculiar character; yet upon the whole the court are of opinion, that neither the depot building of the railroad, nor the passenger room into which defendants broke and entered, can properly be considered the office of the railroad corporation, as the term office is used in the statute.

*Verdict set aside.*