WILLIAM H. BEARD *vs.* PATRICK FITZGERALD & another.

The owner of two parcels of land mortgaged them to F. by one deed; afterwards conveyed
the first parcel to B., with warranty; and subsequently conveyed the second parcel to F,
without consideration, for the purpose of enabling F. to sell and convey the land in his
absence. F. then assigned his mortgage to P. The second parcel was sold for its fair
market value under a mortgage prior to that to F., and, after paying off the prior mort-
gage, there remained a surplus of the proceeds of the sale. *Held*, in a suit in equity
brought by B. against F. and P. to redeem the first parcel from F.'s mortgage, that the
whole of this surplus, so far as needed, must be applied in paying off that mortgage.

BILL IN EQUITY against Patrick Fitzgerald and George E.
Paige, to redeem from a mortgage a parcel of land in Springfield.
The case was referred to a master, and on the pleadings and his
report was reserved by the chief justice for the consideration of
the full court. The facts are stated in the opinion.

*H. Morris*, for the plaintiff.

*J. E. McIntire*, for the defendants.

WELLS, J. William B. Newman made a mortgage to the
defendant Fitzgerald, covering the whole of one parcel of land,
and also his undivided half of another parcel. He then conveyed
the first parcel, by deed of warranty, for an adequate considera-
tion, to the plaintiff, who had no knowledge, in fact, of the
mortgage to Fitzgerald. Subsequently he conveyed his half of
the other parcel to Fitzgerald. The defendants insist that this
deed was without consideration, and made for the sole purpose
of enabling Fitzgerald to sell and convey the land in the absence
of Newman; and the fact, if competent and material, is so found
by the master. Newman thereupon left the place; and soon af-
terwards died insolvent.

The other defendant, Paige, is assignee of the Fitzgerald mort-
gage and note, as the master finds, "in good faith, for a valid
consideration, without fraud or collusion, and before either of the
defendants knew of the plaintiff's bill."

The whole of the second parcel of land was subject to mort-
gages, prior to Fitzgerald's, which contained a power of sale,
and has been sold under that power. The sale was made after

the deed to Fitzgerald and the transfer of his mortgage to Paige, but before the filing of the amended bill by which Paige was made a party to this suit. The proceeds being first applied in satisfaction of all prior incumbrances, a balance remains in the hands of the mortgagee who made the sale; one half of which balance the defendants are entitled to claim and receive, according to the order of their respective interests. Why this has not been done the case does not disclose.

If the party now holding the fund had been joined as defendant, all difficulty would have been removed. The court, by its decree, might require the surplus in his hands to be paid over to the assignee of the Fitzgerald mortgage, and by him applied in payment thereof, *pro tanto;* and then nothing would remain but to ascertain the balance, if any, remaining due.

But no objection is made on account of the nonjoinder. As the transfer to Paige was subsequent to the conveyance of the equity to Fitzgerald, Paige's rights are the same only as would have been those of Fitzgerald if he had retained the mortgage in his own hands. The plaintiff claims that, without regard to the sale, Fitzgerald, as grantee of the equity, was bound to apply the full value of that parcel, above the prior mortgages, to the discharge of his own mortgage and the relief of the plaintiff's land; that the taking of a deed from Newman was a virtual release of the plaintiff's land from the mortgage, to the extent of the value of the second parcel so conveyed to Fitzgerald; so that he could neither enforce, nor transfer to Paige the right to enforce, any claim against the plaintiff's land, except for the deficiency. The decision relied on, *Bradley* v. *George*, 2 Allen, 392, sustains this position, unless the obligations of the defendants are modified by the fact that Fitzgerald took the land for a special purpose and trust, and not as a purchaser in fact.

It is not necessary, in this case, to decide whether their obligations are so modified; because it is found by the master that the price at which the land was sold was " its fair market value," so that it would make no difference as to the amount to be applied to the mortgage debt. The warranty deed from the mortgagor to the plaintiff operated to charge the whole mortgage debt upon

the remaining land, which was subsequently conveyed to the mortgagee; provided it was of sufficient value to pay it. That charge, in equity, attaches to the surplus arising from the sale of the land by the prior mortgagee. The defendants, and the defendants alone, are entitled to receive the undivided half of that surplus. No intervening right or other obstacle is shown to exist to prevent them from receiving that surplus, according to their respective interests. We think they may rightfully be considered as having already received it; and the amount to which they are so entitled must be regarded as paid and applied in satisfaction, *pro tanto*, of the mortgage debt.

The plaintiff is therefore entitled to redeem upon payment of whatever balance may remain due after such application. The case must be recommitted to the master to ascertain the amount of that balance, in order that a suitable decree, in accordance with this decision, may be made. *Ordered accordingly.*