## WILLIAM H. CLARK *vs.* MARY E. FONTAIN.

Suffolk.   Nov. 20, 1878; Nov. 21, 1882. — Sept. 10, 1883.   DEVENS & HOLMES, JJ., absent.

By the terms of a mortgage of land, the mortgagee agreed with the mortgagor, his legal representatives and assigns, to release any portion or portions, on being paid a certain rate per foot, all sums so paid to be indorsed on the mortgage note, the mortgagee not being required to release so as to impair the mortgage as security for the part of the debt remaining unpaid. The mortgagor divided up the land into lots, and on two of them built dwelling-houses. He conveyed one of these lots to A., by a warranty deed, and afterwards conveyed the other lot to B., by a warranty deed. The mortgagee, against A.'s protest, allowed B. to redeem his lot by paying the price per foot stated in the mortgage. The land remaining unsold was not sufficient to satisfy the mortgage debt, though it was sufficient with B.'s lot. *Held*, that A. could not maintain a bill in equity to restrain the mortgagee from selling A.'s lot under the power contained in the mortgage; but was entitled to redeem on paying the stipulated price per foot.

BILL IN EQUITY, filed March 23, 1878, to restrain the foreclosure of a mortgage of a parcel of land, and to compel the mortgagee to release the land from the mortgage. Hearing before *Colt*, J., who reported the following case for the consideration of the full court:

On November 7, 1870, Horace Sargent and Prentice Sargent, being the owners of a parcel of land in Boston, mortgaged the same to the defendant, by a deed recorded November 18, 1870, and containing the following clause: " The grantee, for herself, her heirs, executors, administrators and assigns, hereby agrees with the grantors, their legal representatives and assigns, that she will release from time to time, whenever requested, any portion or portions of said land, . . . . on being paid therefor at the following specified rates; viz. for upland . . . . at the rate of fifty cents per foot, . . . . and all sums so paid for releasing said land . . . .

shall be indorsed on the mortgage notes, . . . . and be so much paid on the mortgage debt. Provided always that the mortgagee shall not be required to release under the foregoing provisions so as to impair this mortgage as security for the part of the mortgage debt remaining unpaid."

After the mortgage was given, the mortgagors divided the land into house-lots, and on January 14, 1873, conveyed to the plaintiff by a deed of warranty, which was recorded on January 15, 1873, one of said house-lots, containing twelve hundred feet, which lot is the one in regard to which the plaintiff seeks relief. On January 14, 1874, the mortgagors conveyed to Margaret Smith, by a deed of warranty recorded on March 14, 1874, another of said lots, also containing twelve hundred feet. Prior to either of these two deeds, the mortgagors had erected upon each of the two lots conveyed, which were upland, a dwelling-house of the value of $3000; and, at the date of the deed to the plaintiff, there was due upon said mortgage a sum not exceeding $2100.

The rest of the premises conveyed by the mortgage consists of vacant upland, the value of which does not exceed $1000, and which still remains in the hands of the mortgagors, who are insolvent.

The mortgage became due on November 7, 1876. At the time of the deeds to the plaintiff and Smith, the mortgagors did not disclose the fact of the existence of the mortgage, and neither the plaintiff nor Smith knew of such mortgage until March 4, 1878.

On March 2, 1878, the defendant advertised the whole of the estate described in said mortgage for sale on March 26, 1878, under the power of sale contained in said mortgage, there having been a breach of the condition thereof, and notified the plaintiff, Smith and the mortgagors of such proposed sale.

The plaintiff, hearing that Smith had demanded of the defendant a release of the Smith lot upon payment of fifty cents per foot therefor, notified both the defendant and Smith of his deed from the mortgagors, and protested against the Smith lot being released, unless the defendant first released the plaintiff's lot, or applied the full value of the Smith lot and said vacant land toward the payment of the mortgage. On March 14, 1878, after such notice and protest to the defendant and Smith, the

defendant did release the Smith lot to Smith for the sum of six hundred dollars paid by him. At the time of such release, the fair market value of the Smith lot was $3500, and the value of the vacant land covered by said mortgage and never conveyed by the mortgagors was $1000, and the value of the plaintiff's lot was $3500.

In the deed of the Smith lot from the mortgagors to Smith, and in said release to Smith, the land is described as bounded " northeasterly by the estate of W. H. Clark, 60 feet."

The plaintiff contended that the defendant should be held to have received the full value of the Smith lot, or so much thereof as should be sufficient to pay said mortgage, or so much thereof as would, with the vacant land still held by the mortgagors, pay said mortgage, and asked that the defendant be decreed to release the plaintiff's lot from the operation of said mortgage.

Such decree was to be entered as law and justice might require.

The case was argued in November, 1878, by *H. W. Bragg*, for the plaintiff, and by *J. E. Avery*, (*H. A. Walker* with him,) for the defendant; and was reargued in November, 1882, by *Bragg*, for the plaintiff, no counsel appearing for the defendant.

W. ALLEN, J.   When a mortgagor conveys a part of the mortgaged premises as free from the mortgage, his grantee acquires an equity against him to have the part of the premises not conveyed first applied to the payment of the mortgage debt, and neither the mortgagor nor a subsequent purchaser from him can, upon paying the debt, call upon such prior purchaser for contribution ; and a mortgagee, who has notice of such conveyance, cannot defeat the equity of the purchaser by releasing from the mortgage other parts of the premises, but must account, in enforcing his lien upon the lands so conveyed, for the value of the lands released. *Parkman* v. *Welch*, 19 Pick. 231.   *George* v. *Kent*, 7 Allen, 16.   *George* v. *Wood*, 9 Allen, 80.   *Beard* v. *Fitzgerald*, 105 Mass. 134.

The plaintiff was a purchaser with warranty from mortgagors. The defendant, the mortgagee, released a part of the mortgaged premises, which, after the conveyance to the plaintiff, the mortgagors had conveyed to one Smith, who had notice of the deed to the plaintiff, and who is not made a party to this bill.   The value of the part of the premises released to Smith, with the part

remaining unsold, is sufficient to pay the mortgage debt; and the plaintiff asks that the defendant may be enjoined from foreclosing the mortgage upon the part held by the plaintiff.

The answer to the plaintiff's claim is, that the defendant is not merely the mortgagee of the whole mortgaged premises, bound to release the whole upon payment of the whole debt, and whose release of a part, upon payment of a part of the debt, would be a merely voluntary act; she was also in the position of owner of as many parcels of land as the mortgagors might choose to divide the premises into, bound by special agreement to release her interest in each separate parcel on the payment of a specified sum. This agreement of hers was for the benefit of the estate of the mortgagors, and the right to enforce it passed to purchasers from them. Both the plaintiff and Smith had the right to a release as against the defendant. The plaintiff's case rests upon the ground that, from the relation between himself and Smith as prior and subsequent purchasers from the mortgagors, he had an equitable right to prevent Smith from availing himself of this agreement. If he had such a right, he could have asserted it before the release was given, in proceedings to which both Smith and the defendant should have been parties, but he could not require the defendant to set it up as a defence against her own covenant. Even if it would have been a defence to Smith's demand upon the defendant for a release, that the plaintiff had rights against Smith which might be impaired by the release, the defendant was not bound to make that defence; she was under no obligation to set up and litigate the plaintiff's rights for him. The plaintiff himself had ample opportunity to pursue his remedy against Smith, and it would be inequitable to allow him to put the burden and responsibility of establishing it upon the defendant. It is not necessary to consider what the equities are as between the plaintiff and Smith, nor whether any remedy the plaintiff had has been at all impaired by the release to Smith. Assuming that the plaintiff has all the rights that he claims to have against Smith, and that the effect of the release was to deprive him of the benefit of them, they were rights against Smith, to be established and enforced against him by the plaintiff, and which the defendant was under no obligation to assert as a defence against the performance of her own

agreement. The defendant is not obliged, before she can fore-close her mortgage, to adjust the equities between the plaintiff and Smith, and she has not cut herself off, by giving the release, from enforcing the mortgage on the land not released. The plaintiff can procure a release by the payment of the specified sum, but he has not offered to do that; and his bill is brought solely to compel a release of his land from the mortgage without any payment by him. In the opinion of a majority of the court, he has shown no right to this relief. The plaintiff appears to have a right to redeem upon the payment of the agreed sum per foot, and the bill is to stand to allow him to move to amend by making it a bill to redeem. If such amendment is not allowed, the bill to be dismissed, with costs.     *Ordered accordingly.*