### SULLIVAN CONVERSE *vs.* WARE SAVINGS BANK.

Worcester.   October 1, 1890. — October 25, 1890.

Present: FIELD, C. J., W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Successive Mortgages — Priority of Payment — Interest — Claimant.*

If a second mortgage duly recorded is given upon part of the mortgaged land, containing covenants of warranty and making no mention of the first mortgage, and afterwards a third mortgage is placed upon all the mortgaged land, the second mortgagee is entitled to full payment out of a balance remaining after the satisfaction of the first mortgage by a sale before any part of such balance is applicable to the third mortgage.

If a defendant, admitting that money in his hands was due at the commencement of the action, files a petition under the St. of 1886, c. 281, for the summoning in of a claimant, but does not pay the money into court, he is liable for interest thereon from the date of the writ to final judgment.

CONTRACT to recover the surplus proceeds of a mortgage sale. Phineas Beaman, summoned in under the St. of 1886, c. 281, appeared as claimant of the fund. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court on appeal, on agreed facts, which appear in the opinion.

*W. S. B. Hopkins & L. E. Barnes,* (*F. B. Smith* with them,) for the plaintiff.

*C. L. Gardner,* for the defendant bank and the claimant.

W. ALLEN, J. The substance and effect of the agreed statement is this. One Harvey mortgaged land to the Ware Savings Bank to secure the sum of $2,800, he afterwards mortgaged a parcel of the mortgaged land to the plaintiff by warranty deed, making no mention of the mortgage to the savings bank, to secure the sum of $700, and he afterwards mortgaged the whole land with other land to the claimant, expressly subject to the mortgage to the savings bank. The plaintiff duly foreclosed his mortgage by sale, at which he was the purchaser for $10. Afterwards the savings bank foreclosed its mortgage by sale and has a surplus of $206.35 in its hands from the proceeds of the sale, for which surplus this suit is brought. The only question between the plaintiff and the claimant is whether the plaintiff is entitled to the whole of the surplus, or whether it is to be apportioned between him and the claimant.

The case falls within the well settled rule, that if a mortgagor conveys a parcel of the mortgaged premises with covenants of warranty, neither he nor his subsequent grantee of the rest of the land with notice actual or constructive of the prior deed can, upon paying the mortgage, have contribution from the prior grantee. *George* v. *Wood,* 9 Allen, 80, and cases cited. *Beard* v. *Fitzgerald,* 105 Mass. 134. *Clark* v. *Fontain,* 135 Mass. 464. The plaintiff is entitled to the whole of the surplus.

The defendant bank objects that the judgment, which was for $220.79, was for too large a sum. The agreed facts state that the claimant was summoned, and appeared under the statute, and that "the surplus in the possession of the bank is $206.35." It is not stated that the amount had been paid into court, and it appears that it had not, for the bank continued a party to the suit. As the bank has not paid the money into court, the suit will go on against it to final judgment, and there should be interest upon the amount to the date of the judgment, as if there had been no petition that the claimant should be summoned in. St. 1886, c. 281. The case stated does not express any date from which interest should begin to run, but we think that the meaning is, that the sum stated is the amount that was in the possession of the bank at the commencement of the action, and that the proper amount of the judgment upon the agreed facts is the sum stated, with interest upon it from the date of the writ. The judgment appears to have been for that amount.

*Judgment affirmed.*