HARRIET S. DAVIS & others *vs.* NATIONAL LIFE INSURANCE COMPANY.

Suffolk.     March 27, 1905. — May 24, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, & HAMMOND, JJ.

*Interest.   Practice, Civil.*

Where an amount of money recovered in an action at law was due before the writ was issued, the plaintiff is entitled to interest from the date of the writ unless something appears to take the case out of the general rule.

Where, on a question in regard to the allowance of interest, it appears that the case was heard in the Superior Court upon an agreed statement of facts, with a stipulation that inferences might be drawn from certain testimony bearing upon

an alleged agreement in regard to interest, and the Superior Court has given judgment for an amount which includes interest, it will be assumed that the finding upon the testimony as to the agreement was in favor of the plaintiff, and if there is evidence to warrant the finding it will not be disturbed.

The facts, that after the bringing of an action at law to recover the amount due on a life insurance policy a suit in equity was begun in a court of the United States by other claimants of the insurance money in which the plaintiffs and the defendant were made parties, and the action at law was continued for a long time until the suit in equity was disposed of by a dismissal of the bill, afford no ground for refusing the plaintiff interest during the entire period from the date of his writ, if there was no injunction or order in the proceedings in the United States court to restrain the defendant from paying the debt according to its terms, and nothing to prevent the defendant from filing a petition of interpleader under St. 1886, c. 281, (R. L. c. 173, § 37,) admitting its liability, or from paying the money into court at any time it pleased.

KNOWLTON, C. J.   The only question in this case is whether the plaintiffs are entitled to interest from the date of the writ upon the amount due under a policy of life insurance payable to them as beneficiaries.   As this amount was due before the writ was issued, interest must be computed from the bringing of the action, unless something appears that takes the case out of the general rule.   *Pierce* v. *Charter Oak Ins. Co.* 138 Mass. 151, 164.   The hearing in the Superior Court was upon a statement of agreed facts, with a stipulation that inferences might be drawn from certain testimony bearing upon an alleged agreement in regard to interest.   The judgment of the Superior Court being for an amount which includes interest, it must be assumed that the finding upon this testimony was in favor of the plaintiffs, and, as there was evidence to warrant the finding, it cannot be set aside on an appeal.

The only other matter relied on by the defendant is that there were other claimants for this money who brought a suit in equity in the Circuit Court of the United States, in which these plaintiffs and the defendant were made parties, and that the present action was continued for a long time, until the suit in equity was disposed of by a decree of dismissal.

There was nothing in any of the judicial proceedings which restrained the defendant from paying the debt according to its terms.   No injunction was issued and no stipulation was made as a substitute for an injunction.   Before the commencement of the present action the defendant had notice of the adverse claims of the contending parties, and from August 23, 1897, the

date of the writ, to September 25, 1897, the time of bringing the bill in equity, it might have filed its petition under the St. 1886, c. 281 (R. L. c. 173, § 37), and have relieved itself from liability for interest. At any time afterward it might have paid the money into court if it had thought it best to do so. The agreed facts indicate that it has used the money and received income from it during all the time that the case has been pending. See *Norris* v. *Massachusetts Ins. Co.* 131 Mass. 294, 296.

We find nothing in the record that required the judge of the Superior Court to exclude from the amount of the judgment the usual allowance of interest from the date of the writ.

*Judgment affirmed.*

*A. E. Denison & W. S. Campbell,* for the defendant.
*F. H. Williams & F. M. Copeland,* for the plaintiffs.