JAMES A. THOMPSON *vs.* CHARLES L. KNAPP.

Middlesex.    January 17, 1916. — March 3, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, PIERCE, & CARROLL, JJ.

*Trust,* Trustee's accounting for income.   *Equity Jurisdiction,* For an accounting.   *Interest.*

Where the lessee under a ten year lease deposited with a third person as trustee the sum of $3,000 as security for the payment of the rent under the lease, and such third person deposited the $3,000 in a trust company in his own name as trustee, and where there was credited to the account interest at the rate of two and one half per cent per annum compounded monthly, and at the end of the ten years when the lease expired such third person returned to the lessee the $3,000 without the interest, and the lessee brought against him a suit in equity for an accounting, it was *held,* that the defendant, who had held the fund de-

posited with him upon an express trust and had invested it, was bound to account to the plaintiff for the interest earned.

In the case above stated it was *said* that, inasmuch as the defendant had invested the fund, it was not necessary to consider whether he would have been liable for a failure to invest it.

In the case above stated it was assumed from the record that a claim of the trustee for compensation either was disallowed or had been waived.

BILL IN EQUITY, filed in the Superior Court on August 8, 1912, praying for an accounting for the alleged trust fund described in the opinion.

The case was heard by *Hamilton,* J., who found the facts that are stated in the opinion and ordered that a decree be entered directing the defendant to pay to the plaintiff a sum of money equal to the interest allowed to the defendant by the Middlesex Safe Deposit and Trust Company upon the deposit by the defendant of $3,000, which had been placed in his hands to secure the payment by the plaintiff of the rent under a ten year lease to him from the Wamesit Power Company, a corporation, as stated in the opinion.

From the decree entered in pursuance of this order the defendant appealed.

*L. T. Trull & J. M. O'Donoghue,* for the defendant.

*M. G. Rogers,* for the plaintiff.

DE COURCY, J. As security for the execution by him of a ten year lease from the Wamesit Power Company, and for the monthly payment of the rent, the plaintiff on June 6, 1898, deposited $3,000 with the defendant, as trustee; and the defendant in writing accepted the express trust.

The defendant deposited the money in a trust company in his own name as trustee. On June 20, 1908, when he paid to the plaintiff the sum of $2,000 from the fund, interest at the rate of two and one half per cent per annum compounded monthly had been credited to the account in the sum of $826.84. When the further sum of $1,000 was paid to the plaintiff, there was an additional credit on the bank account of $27.52 interest.

On these facts, found by the trial judge and not disputed, we have no occasion to consider whether the defendant would have been liable for a failure to invest the fund. He did invest it, and it has produced interest. And he held it, not as a mere bailee or stakeholder for a short period, but as an express trustee, and for

the ten years of the lease or longer. His legal liability was that of a trustee. *Maverick Congregational Society* v. *Lovejoy*, 6 Allen, 183. *Maxwell* v. *Whieldon*, 10 Cush. 221. The interest accruing to the fund was not his to dispose of, and must be accounted for to the plaintiff as owner. *Davis* v. *National Life Ins. Co.* 188 Mass. 299. *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189, 203. 39 Cyc. 422, and cases cited.

The memorandum of the trial judge does not make it clear whether the defendant's claim for compensation, set up in his amended answer, was passed upon. But as he does not argue this question in his brief and it does not seem to have been pressed at the trial, we assume that the claim either was disallowed or has been waived.

*Decree affirmed.*