## Eleanora Gagnon's Case

Androscoggin.   Opinion, March 17, 1949.

*Benjamin L. Berman, David V. Berman,* for appellant.

*William B. Mahoney, James R. Desmond,* for appellee.

Sitting: Sturgis, C. J., Thaxter, Murchie, Tompkins, Fellows, Merrill, JJ.

Thaxter, J.   This is a Workmen's Compensation case. The employee, Miss Gagnon, sustained a compensable injury on May 26, 1946, by slipping on a wet floor.   She suffered a fracture of the twelfth dorsal vertebra; and a bone

graft operation to immobilize the joint was performed. She was paid compensation for total incapacity at the rate of $21.00 per week to April 27, 1948, when the insurance carrier, having previously filed a petition for review, stopped further payments. After a hearing the commission filed its decision to the effect that "as far as her back is concerned" she was not totally incapacitated but was partially incapacitated to the extent of 75 per cent. Her compensation was accordingly reduced from $21.00 per week to $16.66 to be paid to her from April 28, 1948. A *pro forma* decree was filed in accordance with the provisions of R. S., 1944, Chap. 26, Sec. 41, and from such decree an appeal was duly taken to this court by the employee.

After she was discharged from the hospital it was discovered that she was suffering from Parkinson's disease, otherwise known as *paralysis agitans*. This is an incurable degenerative disease which was in no way connected with the accident. There was evidence that she must have had it prior to the accident but it apparently had not interfered with her work. The expert testimony would have justified a finding that, though the accident and her confinement in bed may have lighted up the condition and made it acute, yet, according to the testimony of Dr. McDonald, the disease was no worse at the time the petition for review was filed than it would have been had there been no accident and no hospitalization growing out of such accident. There is ample evidence to support the finding of the commissioner that incapacity due to the back injury was 75 percent. In this case, as in others which have come before us, this commissioner has made an able and conscientious analysis of the evidence. It is not, however, altogether clear just what is the basis for his finding in this instance. There are two possible suppositions: (1) that Miss Gagnon is able to do some work at which she can earn 25 percent of the average weekly wage she was receiving at the time of the accident, or (2) that she is totally disabled because of the combination of the accidental injury and a diseased con-

dition. It makes no difference which one of these theories the commissioner adopted, the appeal must be sustained.

As to the first, it must be borne in mind that the burden of proof is on the petitioner, in this case the employer or insurance carrier, to show that the employee is able to perform such work as is ordinarily available in the community in which she resides and thereby can earn sufficient wages to justify the finding of the commissioner as to partial incapacity. *Connelly's Case,* 122 Me. 289; 119 A. 664; *Milton's Case,* 122 Me. 437; 120 A. 533.

In the instant case there is no competent evidence to sustain a finding that the employee is able to perform any remunerative work and the issue becomes one of law. The duty of this court under such circumstances is to set aside the finding of the commission. *Mailman's Case,* 118 Me. 172; 106 A. 606; *Robitaille's Case,* 140 Me. 121; 34 A. (2nd) 473; *St. Pierre's Case,* 142 Me. 145; 48 A. (2nd) 635.

On the second supposition that the employee is totally disabled because of an injury which of itself would cause only partial disability but which combined with the *paralysis agitans* causes total disability, we have a problem which has been given consideration by both courts and legislatures. In the case of Miss Gagnon there is no evidence to indicate that her capacity to earn the wages which she was receiving at the time of the accident has been impaired because of the disease. Except for the accident she might still be able to earn the same wages. Assuming that she could, the appellees would be responsible for her total incapacity.

This problem is discussed in *Nease v. Hughes Stone Co.* (Okla. Supreme Court 1926) 114 Okla. 170; 244 P. 778. An employee had lost the sight of an eye. By an industrial accident subsequently suffered he lost the sight of the other. It was held that the employer was liable for total permanent incapacity. The case was based on two Massachusetts decisions, *Madden's Case,* 222 Mass. 487; 111 N. E. 379;

L. R. A. 1916D, 1000; *Branconnier's Case,* 223 Mass. 273; 111 N. E. 792. The first of these was the case of an employee who was incapacitated because of a weakened heart, combined with an industrial accident; the second of an employee with but one eye, who lost the other in an industrial accident. Each case holds that if total incapacity resulted from the second injury the employer was liable irrespective of whether the incapacity may have been due in part to the prior condition.

Some jurisdictions by statute have attempted in such cases to apportion the liability for total incapacity between the employer and a so-called "second injury fund." The purpose of such statutes is, not only to relieve the employer from liability for incapacity occasioned by the first injury or diseased condition as the case may be, but to minimize the chance that wage earners may be denied employment because of a physical handicap. We have such a statute in Maine but it applies only to the specific injuries therein enumerated. R. S., 1944, Chap. 26, Sec. 14. The case now before us does not come within the terms of such statute. The general rule therefore applies, and if there is total incapacity here, the appellees are liable. In construing a federal statute setting up a second injury fund, a recent case decided by the Supreme Court of the United States, February 14, 1949, discusses this problem. *Lawson* v. *Suwanee Fruit & Steamship Co.,* 336 U. S. 198; 69 S. Ct. 503; 93 L. Ed. 470.

*Appeal sustained.*

*Decree reversed.*

*Court below to fix employee's expenses on appeal.*