*Municipal Court of the City of Boston*

No. 137938

## AMERICAN GUARANTY CORPORATION

v.

## MEETING HOUSE HILL CO-OPERATIVE BANK ET AL

Argued: May 21, 1971 - Decided: May 24, 1971

*Present:* Adlow, C. J., Gillen, Morrissey, JJ.

Case tried to Lewiton, J.

**Adlow, C. J.** Action of contract to recover money had and received in the amount of $11,475.76.

On *April 13, 1965* the Meeting House Hill Co-operative Bank (hereinafter the "Bank") foreclosed on a mortgage covering certain real estate owned by James H. Dixon and Joan Dixon located in Marion, Massachusetts. The Bank realized $11,475.76 of surplus funds after satisfying in full its claims for principal, interest,

and expenses of sale. Prior to the foreclosure, creditors of the Dixons' had attached their interest in the mortgaged premises. One of the attaching creditors attempted in this action to reach the surplus funds held by the Bank. The Bank thereupon interpleaded all the creditors with recorded liens on the premises. The Bank elected not to pay the surplus funds into court, but retained possession thereof, and is still in possession of said funds.

The Bank made no claim to any part of this fund, declared itself merely a stakeholder, and expressed a willingness to pay said sum into court to whomever the court would order. It also asked that it be allowed its costs, expenses, and counsel fees out of said sum.

Before the case was reached for trial on December 15, 1970, all except three of the claimants to the fund were eliminated by reason of default or discontinuance. The actual claimants were Harry H. Burton, Receiver of American Guaranty Corporation, Commercial Bank and Trust Company, and Koven Steel Swimming Pools. Prior to the trial these three claimants advised the court that they had reached an agreement and would enter a stipulation as to how the fund would be divided between the interested parties.

This stipulation provided in part that

(1) the sum of $1,750.00 be paid as fees to the attorneys of record for the defendant bank.

(2) the sum of $2,500.00 be paid to Koven Steel and Swimming Pools Inc.

(3)  the sum of $3,000.00 be paid to Commercial Bank and Trust Company

(4)  the sum of $4,225.76 be paid to the American Guaranty Corporation

(5)  any sum determined by the court to be payable for interest to be divided equally between the three claimants.

The court found that the Bank was liable for interest on the amount due to the claimants after the costs awarded to the Bank were deducted from the principal sum. In other words the court found that the three claimants were entitled to interest on $9,725.00 for the period between April 22, 1966 and January 21, 1971. In accordance with the provisions of the stipulation this interest, amounting to $2,771.62 was to be divided into three equal parts and added to the sums awarded to the claimants for the principal fund. The Bank being aggrieved by the award of interest by the court brings this report.

There was no error. While the interpleader statute (G.L., c. 231, §40) makes no mention of interest, the courts have invariably recognized the right of claimants to receive interest on funds held by defendants who have impleaded others, but retained the funds during the pendency of the litigation. *Converse* v. *Ware Savings Bank,* 152 Mass. 407. *Underwood* v. *Coolidge Ice Co.,* 232 Mass. 124, 129. Having conceded that it had no right to the fund, it was the duty of the Bank, if it desired to avoid any obli-

gation for the wrongful detention of the fund, to pay it into court when it filed its answer in interpleader. Having kept the money during the entire period of the litigation, it is only proper and just that it shall pay interest from the time when it acknowledged that the money belonged to others than itself. *Mattel* v. *Conant,* 156 Mass. 418. *Davis* v. *Continental Realty Co.,* 320 Mass. 428. *Kacouris* v. *Loukas,* 333 Mass. 44, 50.

Aside from the fact that the claimants are titled by statute to interest from the date of the commencement of the action, G. L. c. 231, §6C, the Bank has used this fund for its profit over a considerable period. In equity and good conscience it should account in damages to those from whom the money was withheld. *Norris* v. *Mass. Insurance Co.,* 131 Mass. 294, 296. *Davis* v. *National Life Ins. Co.,* 188 Mass. 299. In this case interest is the measure of such damages. *Dodge* v. *Perkins,* 9 Pick. 368. *Foote* v. *Blanchard,* 6 Allen 221. *Thomas* v. *Beals,* 154 Mass. 51, 54.

In the case of *Burr* v. *Commonwealth,* 212 Mass. 534, upon which the defendant relies, the contract between the parties denied the plaintiff any right to the fund until certain conditions were met. Until they were, there was no wrongful withholding of the fund.

**Report dismissed.**

SAUL D. SWARTZ
  for claimant American Guaranty Corporation.

THOMAS R. MURTAGH
   of Boston for claimant Koven Steel Swimming Pools, Inc.

SLATER, GOLDMAN, GILLERMAN AND SHACK
   for claimant Commercial Bank and Trust Company.

GEORGE M. BELSKY
   for the Interpleader Meeting House Cooperative Bank.