**Forrest W. WADLEIGH**

v.

**Robert B. HIGGINS and/or Fireman's Fund American Insurance Companies.**

Supreme Judicial Court of Maine.

June 2, 1976.

Mitchell, Ballou & Keith by Kevin M. Cuddy, Bangor, for plaintiff.

Richardson, Hildreth, Tyler & Troubh by Robert L. Hazard, Portland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

That Forrest Wadleigh is totally disabled is established by the Industrial Accident Commissoner's finding "that Mr. Wadleigh is totally disabled." The finding of fact has substantial competent evidence and reasonable inferences to be drawn

therefrom to support it. This being so, we must and do accept total disability as established fact. *Willette v. Statler Tissue Corp.*, Me., 331 A.2d 365 (1975); *MacLeod v. Great Northern Paper Co.*, Me., 268 A.2d 488 (1970).

After hearing before the Industrial Accident Commission, the Commissioner made finding that 90% of the employee's total disability is attributable to his back injury and its sequellae.

An order for compensation for partial disability then resulted.

Both the employer and the employee have appealed from the pro forma decree of the Superior Court sustaining the findings and conclusions of the Commissioner.

The appellant-employee now urges that he was entitled to full compensation as a matter of law. The cross appellant-employer and his insurer urge that the 90% disability award was not supported by the evidence.

For reasons which shall appear below, we sustain the employee's appeal and deny the employer's cross appeal.

The facts in the case are not substantially in dispute. The evidence discloses that the appellant-employee in this case was employed by Robert B. Higgins as an oil delivery man in the Winterport area. In May 1972, while in the course of making a delivery and while lifting a reel into his truck, the employee felt a sharp pain "like a tearing" in this lower back. He continued to work for about a month and half but experienced pain the whole time. Eventually, in July 1972, he had to cease work entirely.

The evidence before the Industrial Accident Commission focused upon questions as to the seriousness of the employee's disability and the extent to which that disability was attributable to factors other than the employee's work-related accident.[1]

It appears that Wadleigh suffered from several physical infirmities, including carcinoma of the larynx, occasional bouts with gout, and osteoarthritis of the spinal column, the latter two of which predated his back injury.

After hearing extensive testimony from the various medical experts on both sides, the Commission concluded

" . . . that Mr. Wadleigh is totally disabled and that 90% of this disability is attributable to his back injury and its sequellae."

The Commission then issued its order of compensation for *partial* disability.

■ As was indicated above, we agree with appellant-employee's contention that he is entitled to full compensation. We think that the result which he urges is compelled by the holding of this Court in *Gagnon's Case*, 144 Me. 131, 65 A.2d 6 (1949).

In *Gagnon*, the petitioner was found to be entitled to compensation for total incapacity notwithstanding the fact that her work-related injury would have caused only partial disability had it not combined with a preexisting nondisabling malady (Parkinson's disease) to produce total incapacity.

■ The principle announced in *Gagnon*, which case has been cited with approval by this Court on numerous occasions,[2] in effect requires that an employer compen-

---

1. It is conceded that the injury in question was sustained by the employee while he was in the course of his employment and arose out of it.

2. *Kidder v. Coastal Construction Co., Inc.*, Me., 342 A.2d 729 (1975); *Kidder v. Coastal Construction Co., Inc.*, Me., 309 A.2d 119 (1973); *Soucy v. Fraser Paper Ltd.*, Me., 267 A.2d 919 (1970); *Bradbury v. General Foods Corp.*, Me., 218 A.2d 673 (1966); *Goldthwaite v. Sheraton Restaurant*, 154 Me. 214, 145 A.2d 362 (1958).

sate an employee who is disabled as a result of the interaction between a work-related injury and a preexisting but non-disabling injury or disease to the full extent of his incapacity even though the injury would not have so extensively disabled a healthy individual.[3] The principle may be seen as a corollary of the oft-stated maxim that the employer takes his employee as he finds him. *Murray v. Industrial Commission,* 87 Ariz. 190, 349 P.2d 627 (1960) ; *MacLeod v. Great Northern Paper Co.,* supra; *Salmon v. Montgomery Ward & Co.,* 281 Minn. 406, 161 N.W.2d 682 (1968) ; *Belth v. Anthony Ferrante & Son, Inc.,* 47 N.J. 38, 219 A.2d 168 (1966) ; *Hamilton v. Keller,* 11 Ohio App.2d 121, 229 N.E.2d 63 (1967) ; *Detter v. Industrial Commission,* 40 Wis.2d 284, 161 N.W.2d 873 (1968).

In the language of the New Jersey court in *Belth,* supra:

"When an employee is admitted to an employer's work force, he makes no warranty of physical or mental fitness, or freedom from latent or patent disability or disease. The employer takes him as he is, handicapped by any physical impairments, whether or not observable, as well as to any underlying condition or unusual susceptibility or idiosyncrasy or quiescent disease, which when subjected

to accidental work-connected injury may result in greater disability than would follow if such impaired physical condition or weakness were not present. In such cases if a compensable injury acting on the already existing impairment or condition or disease produces greater disability than might ordinarily flow therefrom, it has been held uniformly that the award of workmen's compensation must equal the full extent of the impairment." 219 A.2d at 171–172.

Applying the rule to the case before us, we conclude that it was error to apportion the disability award between work-related and nonwork-related causes. As is noted in *Larson* and was recently recognized by this Court in *Kidder v. Coastal Construction Co., Inc.,* Me., 309 A.2d 119, 123, n. 3 (1973):

" 'Apart from special statute, apportionable "disability" does not include a prior nondisabling defect or disease that contributes to the end result.' "

Cross appellant-employer must take the employee as he found him, i. e., suffering from osteoarthritis,[4] and compensate him to the full extent of his disability despite the fact that a percentage of that disability was found not to be attributable to the May back injury.[5]

---

3. As Professor Larson puts it: "Nothing is better established in compensation law than the rule that, when industrial injury precipitates disability from a latent prior condition, such as heart disease, cancer, back weakness and the like, the entire disability is compensable, and, except in states having special statutes on aggravation of disease, no attempt is made to weigh the relative contribution of the accident and the preexisting condition to the final disability or death." 2 *Larson, Workmen's Compensation Law,* § 59.20 at 10–270, 10–273 (1976).

4. The Commission's findings do not specify which of the employee's maladies combined with the back injury to produce total incapacity. It appears, however, that the Commission attributed the 10% disability not caused by the employee's accident to the osteo-

arthritis, the other conditions having been successfully controlled by surgery and medication.

5. In his brief appellant-employee argues that the result we have reached herein is likewise compelled by the so-called Massachusetts-Michigan rule embraced by this Court in *Willette v. Statler Tissue Corp.,* Me., 331 A.2d 365 (1975), and limited somewhat in *Kidder v. Coastal Construction Co., Inc.,* Me., 342 A.2d 729 (1975). We do not agree. The Massachusetts-Michigan rule pertains to the apportionment of liability in cases where an employee has suffered a succession of injuries while working for two or more employers. The rule provides for

" ' . . . full liability upon the carrier covering the risk at the time of the most re-

Having determined that appellant-employee is entitled to be compensated to the full extent of his disability, the only remaining issue concerns cross appellant-employer's contention that the employee's disability was partial rather than total. We find the point to be without merit. As we indicated at the commencement of this opinion, the Commissioner's finding of total disability is supported by competent evidence and the inferences to be drawn therefrom. Although in this case some of the evidence on this point was conflicting, we are satisfied there was substantial competent evidence to support the finding that the appellant-employee was totally disabled. The issue is thereby closed.

We conclude, therefore, that appellant-employee is entitled to compensation at the full disability rate.

The entry must be:

Appeal sustained.

Cross appeal denied.

Remanded to the Superior Court to be remanded to the Industrial Accident Commission by it for the entry of an order of compensation for total disability.

It is further ordered that the appellees-cross appellants pay to the appellant $550 for his counsel fees, plus his actual reasonable out-of-pocket expenses of this appeal.

All Justices concurring.

---

cent injury that bears a causal relation to the disability.

" 'If the second injury takes the form merely of a recurrence of the first, and if the second incident does not contribute even slightly to the causation of the disabling condition, the insurer on the risk at the time of the original injury remains liable for the second . . . . .

" 'On the other hand, if the second incident contributes independently to the injury, the second insurer is solely liable, even if the injury would have been much less severe in the absence of the prior condition, and even if the prior injury contributed to the major part of the final condition.' " *Kidder*, supra, at 731, n. 1, citing *3 Larson, Workmen's Compensation Law*, § 95.12, pp. 508.130–508.133.

In *Kidder*, supra, we determined that we would not apply the rule in a case where two successive injuries, both temporarily disabling, occurring in the course of and arising out of two successive employments, combined to produce a single, indivisible disabling injury. In those circumstances, we deemed it appropriate to apportion the damages between the two carriers in accordance with their insured's responsibility for those damages rather than to saddle the carrier covering the risk at the time of the second accident with full liability.

Since the instant case involves a single employer and a single work-related injury, we do not see any occasion for the application of the Massachusetts-Michigan rule.