Hope NICHOLS

v.

**VINER BROTHERS, INC., et al.**

Supreme Judicial Court of Maine.

Argued March 19, 1990.

Decided April 26, 1990.

David H. Simonds (orally), Bangor, for plaintiff.

John A. Woodcock, Jr. (orally), Mitchell & Stearns, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

CLIFFORD, Justice.

The employee, Hope Nichols, appeals from a decision of the Appellate Division of the Workers' Compensation Commission affirming a decision of the Workers' Compensation Commission ("Commission") granting the employer's petition for review of incapacity and determining her incapacity to be twenty-five percent. Nichols contends on appeal that the Commission erred in assessing her incapacity solely based upon her work-related injury rather than her complete medical condition. We affirm the decision of the Appellate Division.

In December 1985, Nichols fell and fractured her left elbow while working for the employer, Viner Brothers, Inc. She began receiving compensation based upon total incapacity. She returned to light-duty work in early 1986, but left again because of problems involving pain in her left shoulder. Her physician, Dr. Garrett Martin, concluded that the elbow injury either caused or aggravated the shoulder pain and released Nichols to return to work in August 1986, restricting her from heavy lifting and repetitive use of her left arm.

In early 1985, Nichols had been diagnosed as suffering from sarcoidosis, a lung disease, for which she took medication. The effects of sarcoidosis on Nichols varied, causing her at times to miss work. At the time of the hearing, the physician treating the sarcoidosis had approved her performance of light-duty work.

After hearing on the employer's Petition for Review of Incapacity, the Commission granted the petition, concluding that the employer had met its burden of proving that Nichols had reacquired some physical capacity for work, and finding that Nichols' incapacity had been reduced from one hundred percent to twenty-five percent. The Commission also made the following finding of fact:

10. Ms. Nichols also suffers from sarcoidosis, a condition whose symptoms fluctuate. The effects of her work injury do not combine with the effects of sarcoidosis. Rather, these are two separate conditions. The effects of the work injury do not exacerbate the limitation of the sarcoidosis, and similarly, the effects of the sarcoidosis do not interact with and increase the limitations resulting from the work injury.

The Appellate Division, in affirming the Commission, concluded that "the Commission took the effects of the employee's non-work-related sarcoidosis condition into account, and found that the sarcoidosis did not cause her to be incapacitated to any further extent than she was by the work-related injury alone."

■ In a petition for review of incapacity, the employer has the burden to show that the employee's earning capacity has increased. *Gagnon's Case,* 144 Me. 131, 133, 65 A.2d 6 (1949); 39 M.R.S.A. § 100(2)(B) (1989). If an employee's incapacity is due in part to a work-related injury and in part to a non-work-related disease, the employee is entitled to be compensated for the entire incapacity if the work-related injury is a substantial factor in the incapacity. *Davidson v. Bancroft & Martin,* 560 A.2d 13, 14 (Me.1989); *Brackett v. A.C. Lawrence Leather Co.,* 559 A.2d 776, 777 (Me.1989).

Nichols agrees in part with the dissent of the Appellate Division,[1] but goes further

and contends that the majority of the Appellate Division improperly construed the Commission decision in order to uphold it. She argues that the most reasonable and logical conclusion to be discerned from the Commission's Finding 10 is that the Commission, in determining incapacity to be twenty-five percent, limited its consideration to the effects of her work-related arm injury and disregarded the disabling consequences of the sarcoidosis, committing legal error in doing so. We disagree. In order to accept Nichols' contention that the Commission did not consider the effects of the sarcoidosis in determining her incapacity, we would have to assume that the experienced Commission applied an incorrect legal standard. Like the Appellate Division, we decline to do so.

■ The extent of an employee's incapacity is a question of fact upon which the Commission's finding is conclusive if supported by competent evidence. *DeRoche v. Bangor Roofing and Sheet Metal Co.,* 411 A.2d 1026, 1027 (Me.1980); *see also Madore v. Bangor Roof & Sheet Metal Co.,* 428 A.2d 1184, 1188 (Me.1981). There was evidence that both the disease and the work injury affected Nichols' ability to work. The medical evidence was somewhat conflicting, but does not preclude a finding under the correct legal standard that the sarcoidosis did not cause Nichols to be incapacitated to a greater or to a different extent than the incapacity caused by the work injury alone. Although the Commission could have concluded that Nichols was incapacitated to a greater extent than twenty-five percent, that percent of incapacity was within the range that could be found considering all the causes of Nichols' incapacity. *Dunton v. Eastern Fine Paper Co.,* 423 A.2d 512, 514 (Me. 1980).

---

1. One member of the three-member Appellate Division dissented, contending that the Commission decision could be read as the majority of the Appellate Division read it, or, alternatively, to mean that the sarcoidosis "was incapacitating, but because it did not 'interact with and increase the limitations resulting from the work

injury,' or was not exacerbated by the work injury, any incapacity due to the sarcoidosis had to be 'apportioned' out." The dissenter concluded that if the Commission intended the second meaning, then error was committed. He would remand to the Commission for clarification of its findings.

The entry is: Decision of the Appellate Division affirmed.

All concurring.