Lisa LI

v.

**TRAVELERS INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued Sept. 7, 1993.

Decided Dec. 7, 1993.

Paul Macri (orally), Berman & Simmons, Lewiston, for appellant.

Richard N. Hewes (orally), Hewes & Nye, Portland, for appellee.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

DANA, Justice.

Lisa Li, the personal representative of the estate of Melissa Roy (the "Estate") and Travelers Insurance Company, the workers' compensation insurer for Melissa Roy's former employer, C.N. Brown Company, appeal from a decision of the Superior Court (Androscoggin County, *Lipez, J.*), granting a summary judgment that Travelers possesses a statutory lien for benefits paid on the Estate's behalf but not for benefits paid to the Second Injury Fund.[1] Finding no error in the judgment of the Superior Court, we affirm.

On September 19, 1990, an intruder fatally stabbed Melissa Roy while she was working at a C.N. Brown convenience store in Lewiston. She was treated briefly at a hospital before she died. As a result, the Estate incurred $1,698 in medical bills. The next week, C.N. Brown paid Roy's burial expenses, which totaled $4,548. The Estate did not dispute that it was responsible for these bills.

C.N. Brown subsequently filed an Employer's First Report of Occupational Injury or Disease with the Workers' Compensation Commission. At an informal conference in late October, the Estate's attorney represented that it was electing not to pursue benefits pursuant to the Workers' Compensation Act, 39 M.R.S.A. §§ 1–149 (1989) (the "Act"), and would instead proceed with a claim against a third party, the City of Lewi-

---

1. Pursuant to 39 M.R.S.A. § 57(6) (1989), *repealed by* P.L. 1991, ch. 615, § A–30 (effective April 6, 1992), when an employee died with no dependents, the employer was required to make a payment to the Second Injury Fund. The Fund was established to encourage employers not to deny employment to handicapped persons. *Church v. McKee,* 387 A.2d 754, 755 (Me.1978). Its function was to relieve employers from liability for incapacity occasioned by a first injury or preexisting condition. *Id.* (quoting *Gagnon's Case,* 144 Me. 131, 134, 65 A.2d 6, 8 (1949)).

ston. The Estate did not, however, reimburse C.N. Brown for the burial expenses.

In January 1991, Travelers did reimburse C.N. Brown for the burial expenses, later paid the hospital bill, and also paid $36,267 to the Second Injury Fund. After the Estate reached a settlement with the City of Lewiston, Travelers asserted a lien against the settlement for all of these payments.

The Estate sought a declaratory judgment that Travelers had no lien on the settlement. Both parties moved for a summary judgment. After a hearing, the Superior Court found that the Estate had not effectively elected to forego benefits pursuant to the Act because it had not consistently waived them. The court ruled that Travelers possessed a lien against the Estate's settlement in the amount of $5,698 (the $4,000 statutory maximum for burial expenses and $1,698 for medical expenses), less Travelers' proportionate share of the cost of recovering the settlement. The court also ruled that Travelers' lien did not cover the amount paid to the Second Injury Fund.

■ A summary judgment may be granted when there exists no genuine issue of material fact requiring a trial and any party is entitled to judgment as a matter of law. M.R.Civ.P. 56(c). We review the Superior Court's decision to grant a summary judgment for errors of law, viewing the record in the light most favorable to the party against whom the judgment has been granted. *Connecticut Nat'l Bank v. Kendall*, 617 A.2d 544, 548 (Me.1992).

## I. THE BURIAL AND MEDICAL EXPENSES

The Estate argues that, pursuant to 39 M.R.S.A. § 68 (1989),[2] its election to claim benefits pursuant to the Act is a "condition precedent" to the creation of a lien. Since the Estate disclaimed any intent to pursue benefits, section 68 does not create a lien for Travelers' payment of burial and medical expenses. Instead, such payments are gratuitous. Travelers, on the other hand, argues that because C.N. Brown is an assenting employer pursuant to the Act, all of its employees are deemed to have elected workers' compensation benefits. Therefore, section 68 creates a lien for all benefits paid, regardless of the employee's decision to forego benefits pursuant to the Act. We find neither of these arguments convincing, but nevertheless hold that Travelers is entitled to a lien.

■ Contrary to the parties' assertions, section 68 does not require an employee to elect between workers' compensation benefits and a third party lawsuit. *Overend v. Elan I Corp.*, 441 A.2d 311, 312–313 (Me. 1982). Although the first paragraph of section 68 appears to suggest the two options are mutually exclusive, the second and third paragraphs make clear that an employee may pursue both avenues of relief. *Id.* at 313. Whenever there is a recovery against a third party, however, the employer or insurer is entitled to a lien for the benefits it paid pursuant to the Act, while the employee is entitled to the excess of the recovery over those payments. *Id.* Because C.N. Brown advanced, and then Travelers paid, the burial expenses, and such payments were "benefits" to the Estate, it is entitled to a lien for those

2. 39 M.R.S.A. § 68 (1989) provided in pertinent part as follows:

When an injury or death for which compensation or medical benefits are payable under this Act shall have been sustained under circumstances creating in some person other than the employer a legal liability to pay damages in respect thereto, the injured employee may, at his option, either claim such compensation and benefits or obtain damages from or proceed at law against such other person to recover damages.

If the injured employee elects to claim compensation and benefits under this Act, any employer having paid such compensation or benefits or having become liable therefor under any

compensation payment scheme shall have a lien for the value of compensation paid on any damages subsequently recovered against the third person liable for the injury....

If the employee or compensation beneficiary recovers damages from a third person, he shall repay to the employer or compensation insurer, out of the recovery against the third person, the benefits paid to him by the employer or compensation insurer under this Act, less said employer's or compensation insurer's proportionate share of cost of collection, including reasonable attorney's fees.

Section 68 has been repealed and replaced with the identical 39-A M.R.S.A. § 107 (Pamph. 1993).

amounts.[3]

 If the Estate had made an unequivocal election not to pursue or accept benefits pursuant to the Act, then it may avoid the lien provisions of section 68. The evidence is undisputed, however, that C.N. Brown paid the burial expenses pursuant to the Act and, after the Estate purportedly "waived" its rights, it retained the benefit of this payment. In order to have made a valid waiver, the Estate should have reimbursed C.N. Brown (and later, Travelers) for this payment. If this were not the rule, then such a double recovery would frustrate the purpose of section 68. *Liberty Mut. Ins. Co. v. Weeks*, 404 A.2d 1006, 1013 (Me.1979). Travelers' subsequent payment of the medical bill, even though occurring after the Estate's attempted waiver, is also subject to the lien because no unequivocal election to disclaim benefits was ever made and the Estate again failed to reimburse the payments made.

## II. THE SECOND INJURY FUND

Because Roy died with no dependents, Travelers paid $36,267 to the Second Injury Fund. Travelers argues that because this payment was a "benefit" paid pursuant to the Act, it resulted in a valid lien under 39 M.R.S.A. § 68. We disagree.

 Section 68 provided that, in the event of the employee's recovery from a third party, the employer or insurance carrier shall have a lien for benefits paid to the employee or his representative. Although the payment to the Fund was made pursuant to the Act, it was not a benefit paid to or for the benefit of the Estate. Therefore, it is not subject to a section 68 lien.

The entry is:

Judgment affirmed.

All concurring.

---

**3.** With respect to the burial expenses, Travelers' lien only covers the $4,000 statutory maximum of 39 M.R.S.A. § 59 (Supp.1992). Payments made in excess of that amount were not made pursuant to the Act and are therefore not subject to the lien.